FISHER, APPELLEE, *v.* OHIO UNIVERSITY, APPELLANT.

[Cite as *Fisher v. Ohio University* (1992), 63 Ohio St.3d 484.]

(No. 91–385—Submitted January 15, 1992—Decided April 15, 1992.)

Ronald R. Gilbert, Elk & Elk Co., L.P.A., and David J. Elk, for appellee.

Lee I. Fisher, Attorney General, and Sheryl Creed Maxfield, for appellant.

Licata & Crosby Co., L.P.A., Louis J. Licata and William M. Crosby, urging affirmance for amicus curiae, Adult Support for Incest Survivors of Today.

---

MOYER, C.J. The sole issue before this court is whether the Court of Claims' grant of the university's motion for summary judgment was proper. It is undisputed that the statute of limitations governing plaintiff's claim is R.C. 2743.16(A). Fisher had two years from the date of the accident to file his complaint. The complaint was filed twenty days after the limitations period expired. Fisher's action would be timely only if the time for filing was tolled pursuant to R.C. 2305.16. Former R.C. 2305.16 stated:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by those sections, after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

"*After the cause of action accrues, if the person entitled to bring such action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought.*" (Emphasis added.)

The university's memorandum in support of its motion for summary judgment referred to certain answers to interrogatories filed by plaintiff in the trial court. The interrogatories and their answers are as follows:

"34. Please set forth the dates upon which you claim you were of 'unsound mind' following the accident referred to in your complaint. (These dates should include the first date upon which you were of 'unsound mind' and the date upon which you were no longer of 'unsound mind.')

"Answer: I am not certain what 'unsound mind' means. I was able to communicate with my doctors and cooperate with them at the hospital as reflected in my records.

"35. Have you ever been diagnosed as being of 'unsound mind' or mentally impaired by a medical professional? If so, please name each and every medical professional who determined that you were of 'unsound mind' or mentally impaired.

"Answer: No.

"36. Have you ever been determined to be of 'unsound mind' or mentally impaired by a court of law? If so, please name the court, the caption of the case and the final determination. Also, please attached [sic] a copy of all documents filed in such action.

"Answer: No."

The university averred that based upon Fisher's answers, summary judgment should be granted because the action was not filed within the two-year limitations period as required by R.C. 2743.16(A), and the tolling provision in R.C. 2305.16 was not applicable.

Fisher submitted his brief in opposition to the university's motion, mentioning certain evidence contained in his answers to interrogatories. The relevant assertions were: (1) that after his accident, Fisher was confined to a bed from May 17, 1987 until June 29, 1987; (2) that he suffered total paralysis at the thoracic four (T-4) level of his spine; and (3) that due to emotional distress and necessary medications, he was unable to understand his legal rights for some time. Fisher argues that this evidence demonstrates that he was of unsound mind within the meaning of R.C. 2305.16.

The standard for granting a motion for summary judgment is set out in Civ.R. 56(C), which requires a showing by the moving party that " * * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," and " * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being

entitled to have the evidence or stipulation construed most strongly in his favor."

The pertinent facts in this case are not in dispute. We must therefore determine whether these facts construed most strongly in favor of Fisher entitled the university to summary judgment.

The applicable provisions of R.C. 2305.16 allow a tolling of the statute of limitations only for the period of time during which a person is adjudicated as being of unsound mind or confined under a diagnosed condition which renders him of unsound mind. There is no question that Fisher has never been adjudicated as being of unsound mind. Fisher concedes that the portion of the statute regarding an adjudication of incompetency is not at issue. Therefore, under the clear words of the statute, the only issue is whether Fisher was diagnosed as having a condition rendering him of unsound mind during the time he was confined to the hospital. The existence of such a condition must be at issue to withstand a motion for summary judgment. We therefore hold that the provision of former R.C. 2305.16 allowing a limitations period to be tolled during the time a claimant was confined in an institution or hospital under a diagnosed condition or disease that rendered the claimant of unsound mind is applicable only when the claimant presents evidence substantiating he or she was of unsound mind and the disease or condition (1) was determined by a psychiatrist or licensed physician who treated the claimant during his confinement to have rendered him of unsound mind, or (2) is generally accepted by the medical community as one causing unsound mind.

Fisher was diagnosed as having a total paralysis at the T–4 level of the spine. The diagnosis of this condition is not in dispute. In Fisher's response to the university's motion for summary judgment, we are presented with only one substantive assertion on this issue: that the condition caused emotional distress and required medication, both of which made Fisher unable to understand his legal rights. This evidence, while attempting to show unsoundness of mind, failed to address the requisite element of confinement under a diagnosed *condition which causes unsound mind*. Fisher's doctor did not make a diagnosis that the condition caused unsound mind, and there has been no suggestion that paralysis resulting from a spinal injury is generally accepted as causing unsound mind.

Fisher's profession of unsound mind does address the first requirement in the statute, yet an issue of fact regarding that element is similarly not raised. "Unsound mind" is defined in R.C. 1.02(C) as "includ[ing] all forms of mental retardation or derangement." According to the only pertinent evidence Fisher submitted on the subject, he was unable to understand his legal rights because of emotional distress and taking necessary medication. Construed

most favorably for Fisher's position, emotional distress is far from the required condition of mental retardation or derangement. A "mentally retarded person" is defined by R.C. 5123.01(K) as "a person having significantly subaverage general intellectual functioning existing concurrently with deficiencies in adaptive behavior, manifested during the developmental period." Although not defined in the Revised Code, "derangement" has been equated with insanity. Webster's Third New International Dictionary (1986) 607. Fisher also stated in his answers to interrogatories that he was never diagnosed as being of unsound mind. A nebulous assertion of emotional distress does not create an issue of fact concerning unsound mind.

Neither does the fact that Fisher's physical injuries required him to take medication present an issue of unsoundness of mind. The identical issue was addressed in *Eisenbach v. Metropolitan Transp. Auth.* (1984), 62 N.Y.2d 973, 975, 479 N.Y.S.2d 338, 339–340, 468 N.E.2d 293, 294–295. The New York Court of Appeals concluded: "The provision of CPLR 208 tolling the Statute of Limitations period for insanity, a concept equated with unsoundness of mind (*DeGoGorza v. Knickerbocker Life Ins. Co.,* 65 N.Y. 232, 237), should not be read to include the temporary effects of medications administered in the treatment of physical injuries. The expansion of the statute to embrace such disability—undoubtedly experienced in varying degrees whenever pain-killing drugs are administered—should be accomplished, if at all, by legislative action." (Footnote omitted.)

We reach the same conclusion as did the New York Court of Appeals. In addition, no evidence was submitted by Fisher in support of his argument that his medication caused unsoundness of mind, save his unsupported conclusion that the medication caused his inability to understand his legal rights.

For the foregoing reasons, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.