SCOTT, Appellant,

v.

BORELLI, Appellee.

[Cite as *Scott v. Borelli* (1995), 106 Ohio App.3d 449.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE01–42.

Decided Sept. 21, 1995.

*Artz, Dewhirst, Farlow & Lawrence, Beverly J. Farlow* and *Daniel Downey,* for appellant.

*Joseph & Joseph, Jennifer J. Joseph* and *Laura B. Cook,* for appellee.

PETREE, Judge.

Plaintiff, Joyce Lee Scott, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant, Dr. George Borelli. Plaintiff sets forth the following four assignments of error:

"I. The trial court erred as a matter of law in granting defendant's motion for summary judgment.

"II. The trial court erred in holding that the discovery rule does not toll the statute of limitations in the instant case.

"III. The trial court erred as a matter of law in holding that appellant's claims arise out of the same conduct of defendant.

"IV. The trial court erred as a matter of law in holding that the claims in the instant case are not protected from dismissal by the due process and equal protection clauses."

In the fall of 1967, plaintiff sought psychological counseling from defendant, who is a licensed psychologist, primarily because of feelings of regret over her recent decision to give up a child for adoption. While under defendant's care, plaintiff and defendant began having a sexual relationship. According to plaintiff, once the sexual relationship began, defendant declared plaintiff "cured" and ceased providing any therapy. Thereafter, plaintiff continued to visit defendant at his office during his office hours, but only for brief sexual encounters. Although plaintiff told several close friends about her ongoing sexual relationship with defendant, plaintiff claims that shortly after the relationship ended, she repressed all memory of the incident for nearly twenty-five years.

Plaintiff filed the instant action against defendant on May 5, 1994, alleging causes of action in negligence, malpractice, assault and battery, and intentional infliction of emotional distress. Defendant filed a motion for summary judgment on the grounds that plaintiff had failed to bring her cause of action within the applicable statute of limitations. The trial court granted defendant's motion by

decision dated December 5, 1994 and, on December 21, 1994, a journal entry of dismissal was issued. Plaintiff appeals to this court from a judgment of the Franklin County Court of Common Pleas.

In each of plaintiff's assignments of error, plaintiff contends, although for slightly different reasons, that the trial court erred when it determined that plaintiff's claims were time-barred and by granting summary judgment in favor of defendant. Accordingly, we will address these assignments of error jointly.

Under Civ.R. 56, summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and in viewing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129; *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 617 N.E.2d 1068. R.C. 2305.03 provides:

"A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in sections 2305.03 to 2305.22, inclusive, of the Revised Code. When interposed by proper plea by a party to an action mentioned in such sections, lapse of time shall be a bar thereto."

The trial court determined that since each of plaintiff's claims for relief were premised upon acts of sexual abuse, under the Ohio Supreme Court decision in *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, her entire cause of action was subject to the one-year statute of limitations for assault and battery. In *Doe,* the Ohio Supreme Court held that a cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery set forth in R.C. 2305.11. In so holding, the court stated:

"The fact that appellant pled negligence and intentional infliction of emotional distress cannot be allowed to mask or change the fundamental nature of appellant's causes of action which are predicated upon acts of sexual battery. * * *" *Id.* at 537, 629 N.E.2d at 407.

Applying the rule of law set forth in *Doe* to the facts of this case, it is clear that plaintiff's claims based purely upon acts of sexual assault are governed by the one-year statute of limitations pertaining to assault and battery, even though plaintiff has pled negligence and intentional infliction of emotional distress. Accordingly, the trial court did not err when it determined that plaintiff's causes of action for assault, intentional infliction of emotional distress and general

negligence were governed by the one-year statute of limitations set forth in R.C. 2305.111.

However, it is our determination that plaintiff's claims sounding in psychological malpractice are subject to the limitations period set forth in R.C. 2305.11 pertaining to medical malpractice claims, rather than the statute of limitations pertaining to claims for assault and battery. Indeed, even though the conduct which gave rise to plaintiff's malpractice claim is based in part upon an alleged sexual assault, plaintiff has also alleged that defendant misdiagnosed her condition and failed to properly treat her psychological condition. Consequently, plaintiff's malpractice claim is not based entirely upon sexual assault as the trial court rule, but upon other conduct amounting to a breach of a separate and independent duty imposed by law. See *Bunce v. Parkside Lodge of Columbus* (1991), 73 Ohio App.3d 253, 596 N.E.2d 1106. However, even though the trial court erred in applying R.C. 2305.111 rather than 2305.11, the error could not have prejudiced plaintiff since the limitation periods are the same.

Plaintiff next contends that the trial court erred when it determined that plaintiff failed to file her complaint within one year after her cause of action arose. In *Ault v. Jasko* (1994), 70 Ohio St.3d 114, 637 N.E.2d 870, the Ohio Supreme Court held in the syllabus:

"1. The discovery rule applies in Ohio to toll the statute of limitations where a victim of childhood sexual abuse represses memories of that abuse until a later time.

"2. The one-year statute of limitations period for sexual abuse in Ohio begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or when, through the exercise of reasonable diligence, the victim should have discovered the sexual abuse."

In the present case, plaintiff testified that she first recollected the incidents of sexual abuse during Eye Movement and Desensitization and Reprocessing Therapy ("EMDR"), which took place in November 1992. Plaintiff's therapist, Gale Shafarman, Ph.D., submitted an affidavit wherein she confirmed that plaintiff first recollected the incidents of sexual abuse within a week of an EMDR session which took place on November 23, 1992. Consequently, the evidence in the record conclusively establishes that by December 1992, at the latest, plaintiff became aware that she had been a victim of sexual abuse, that defendant was the person responsible for the sexual abuse, and that the sexual abuse occurred in the context of a psychologist/patient relationship with defendant. The trial court held that plaintiff's complaint was not timely, as a matter of law, since it was filed more than one year after plaintiff discovered the sexual abuse by defendant.

Plaintiff argues that under *Ault,* her cause of action did not arise until she became aware of the full extent of the defendant's sexual abuse. According to plaintiff, this did not occur until sometime in July or August 1993. As the trial court correctly noted, there is nothing in the *Ault* decision which indicates that the victim of sexual abuse must have a full and complete recollection of all the details of the sexual abuse before the cause of action accrues. Indeed, the court in *Ault* stated that the victim's cause of action arose when she was first able to "verify that she was sexually abused and that the defendant was responsible for the abuse." *Id.,* 70 Ohio St.3d at 115, 637 N.E.2d at 870. Thus, the trial court did not err when it held that plaintiff's complaint was filed more than one year after plaintiff discovered the sexual abuse by defendant, as a matter of law.

■ Plaintiff next contends that she was of unsound mind at the time her cause of action accrued and that the statute of limitations was tolled during this period of disability. R.C. 2305.16 provides:

"Unless otherwise provided in sections 2305.04 to 2305.14, 1302.98, and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. * * *

"After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought."

The term "unsound mind" includes all forms of mental retardation and derangement. R.C. 1.02(C). In *Fisher v. Ohio Univ.* (1992), 63 Ohio St.3d 484, 486, 589 N.E.2d 13, 15, the Ohio Supreme Court equated the term "derangement" as used in R.C. 1.02(C) with the term "insanity." *Id.* at 488, 589 N.E.2d at 16. In *Fisher,* the court held that a plaintiff who does no more than nebulously make an assertion "of emotional distress does not create an issue of fact concerning unsound mind." *Id.*

■ In the present case, plaintiff admits that she has never been adjudicated to be insane or of unsound mind, never been confined to an institution for reason of mental disease or illness, and never been told by any mental health professional that she was of unsound mind. In response to defendant's motion for summary judgment, plaintiff submitted the affidavits of Lynn Susan Rogers, Ph.D., and Gale Shafarman, Ph.D., the two mental health professionals who were

working with plaintiff at or near the time she recovered memories of sexual abuse by defendant. Significantly, neither of these mental health professionals opined that plaintiff is or was of unsound mind at any time relevant hereto. When viewed in a light most favorable to plaintiff, the affidavit testimony of her own expert witnesses establishes only that plaintiff has ongoing emotional problems arising from the sexual abuse and other traumatic events in her life. Thus, the trial court did not err when it held that plaintiff failed to establish that she was of unsound mind at the time the cause of action accrued, as a matter of law. See *Fisher, supra.*

Finally, plaintiff contends that the application of the one-year statute of limitations to bar her claims violates her rights to due process of law and equal protection of the law. We disagree.

■■ "In testing the constitutionality of a legislative enactment, we begin with the common ground that all such enactments enjoy a presumption of constitutional validity." *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 274, 28 OBR 346, 349, 503 N.E.2d 717, 720. "A legislative enactment will be deemed valid on due process grounds ' * * * [1] if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and [2] if it is not unreasonable or arbitrary.' " *Id.* See, also, *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854.

■■ Clearly, the General Assembly may limit the time within which an action may be brought in state courts. *Cincinnati v. Thomas Soft Ice Cream* (1977), 52 Ohio St.2d 76, 6 O.O.3d 277, 369 N.E.2d 778. Moreover, the stated rationale underlying the statute of limitations is (1) to ensure fairness to defendant; (2) to encourage prompt prosecution of causes of action; (3) to suppress stale and fraudulent claims; and (4) to avoid the inconvenience engendered by delay, as specifically the difficulties of proof present in older cases. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727. In *Mominee,* the Ohio Supreme Court noted, in dicta, that a one-year period within which to bring a medical malpractice claim was not *per se* unreasonable. *Id.* Similarly, we cannot say that a one-year limitation period is unreasonable or arbitrary in light of the stated purposes of such legislation.

Additionally, we note that the application of the discovery rule as set forth in *Ault* eliminates the possibility that plaintiff's claim for sexual abuse will become time-barred during a period when she has repressed all memory of the conduct. Under *Ault,* plaintiff could have timely filed her claims for assault and battery and for medical malpractice within one year of the recovery of her memory of the sexual abuse by defendant, even though that abuse occurred twenty-five years

prior. Consequently, the application of the one-year statute of limitations is not unconstitutional as applied to plaintiff.

For the foregoing reasons, we hold that the trial court did not err when it granted summary judgment in favor of defendant. Accordingly, plaintiff's assignments of error are overruled.

Having overruled each of plaintiff's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

■ Defendant has moved this court, pursuant to App.R. 23, for a determination that plaintiff's appeal is frivolous and that plaintiff should be required to pay defendant's reasonable expenses in defending the appeal, including attorney fees and costs. App.R. 23 permits this court to assess attorney fees and costs against the party who brings an appeal which presents no reasonable question for review. See *Metcalf v. Winnen* (1985), 21 Ohio App.3d 174, 21 OBR 185, 487 N.E.2d 351; *Talbott v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187. Although we have held that the trial court did not err when it granted defendant's motion for summary judgment, we find that plaintiff presented a reasonable question as to the breadth of the rule of law set forth in *Ault.* Therefore, we do not find this appeal to be frivolous, and we hereby overrule defendant's motion for attorney fees and costs.

*Judgment affirmed; motion for*
*attorney fees and costs denied.*

TYACK and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.