OPINION
Plaintiffs-appellants, Turner Management Company ("Turner") and its counsel David M. Neubauer ("Neubauer"), appeal from an entry of the Franklin County Municipal Court denying Turner's motion for relief from judgment.
Turner filed a complaint against defendant, Nicole Fitzpatrick, seeking restitution of premises, past due rent, and damages. Fitzpatrick is not a party to this appeal. Turner later filed an amended complaint to include defendant-appellee, Estate of Barbara Timmons, who was the lessor of the property occupied by Fitzpatrick. The trial court granted Turner a default judgment against Fitzpatrick on the first cause of action and later issued a writ of restitution and a set out order. Both Turner and appellee filed summary judgment motions on the second cause of action. The trial court granted appellee's summary judgment motion, denied Turner's summary judgment motion, and dismissed appellee from the case.
Appellee then filed a motion for attorney fees under R.C. 2323.51 and requested a hearing to determine whether Turner's conduct was frivolous. Although the original hearing was scheduled for March 27, 1998, neither party appeared, so the trial court denied the motion. Turner then moved for the trial court to vacate the entry denying appellee's motion due to a miscommunication by Turner's counsel to appellee that the hearing was continued. The trial court vacated its entry and rescheduled the hearing for May 1, 1998. However, Turner and Neubauer failed to appear. The trial court again rescheduled the hearing, which was held on June 4, 1998. The trial court allowed both parties time to file supplemental memoranda after the hearing. At the June 4, 1998 hearing, the trial court also awarded judgment against Fitzpatrick on Turner's second cause of action.
The trial court issued an entry finding that Turner and Neubauer's conduct was frivolous in awarding appellee $1,525 in attorney fees as sanctions under R.C. 2323.51. Turner filed a motion requesting findings of fact and conclusions of law. Additionally, Turner filed a motion for relief from judgment related to the trial court's granting of summary judgment for appellee and the award of attorney fees. The trial court issued an entry denying appellee's motion for relief from judgment without holding an evidentiary hearing, and the trial court also issued findings of fact and conclusions of law on the same day. Turner filed a timely notice of appeal. Neubauer, who was not a party to the original action, filed a motion to amend the notice of appeal to include himself as a party-appellant, because the trial court awarded attorney fees against both Turner and Neubauer. This court granted Neubauer's motion according him party status. Appellee filed a motion for attorney fees under App.R. 23.
On appeal, appellants assert three assignments of error:
 I. THE TRIAL COURT WAS WITHOUT AUTHORITY UNDER R.C. 2323.51 TO AWARD DEFENDANT-APPELLEE, ESTATE OF BARBARA L. TIMMONS, $1525 FOR ATTORNEY FEES AS SANCTIONS AGAINST PLAINTIFF-APPELLANT AND ITS COUNSEL WITHOUT FINDING AS FACT OR CONCLUDING AS A MATTER OF LAW THAT FRIVOLOUS CONDUCT ON THE PART OF PLAINTIFF-APPELLANT AND/OR ITS COUNSEL ADVERSELY AFFECTED DEFENDANT-APPELLEE.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT PLAINTIFF-APPELLANT A HEARING ON ITS MOTION FOR RELIEF FROM JUDGMENT WHICH CONTAINED ALLEGATIONS OF OPERATIVE FACTS WARRANTING RELIEF UNDER CIVIL RULE 60(B).
 III. THE TRIAL COURT WAS WITHOUT AUTHORITY UNDER CIVIL RULE 60(B) AND GTE AUTOMATIC ELECTRIC v. ARC INDUSTRIES
TO DETERMINE THAT PLAINTIFF-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT SHOULD BE DENIED BECAUSE THE COURT'S DECISION WAS NOT SWAYED BY THE ADDITIONAL EVIDENCE SUBMITTED.
Appellee entered into a lease agreement with Turner on September 13, 1996, whereby appellee leased an apartment for occupancy by her granddaughter, Fitzpatrick, and her great-grandson. Appellee died on May 9, 1997. Turner and Fitzpatrick subsequently signed a lease addendum on May 22, and May 24, 1997, which purported on its face to release appellee and her estate from the lease agreement and to substitute Fitzpatrick for appellee. Fitzpatrick failed to pay rent for July and August 1997. Turner then served Fitzpatrick with a notice to leave the premises and instituted the restitution of the premises and damages action. Fitzpatrick vacated the apartment in September 1997.
In appellants' first assignment of error, they argue that the trial court erred by awarding appellee attorney fees as sanctions under R.C. 2323.51 without making a specific finding of fact or conclusion of law that appellants' conduct was frivolous and that it adversely affected appellee. We disagree.
A trial court's decision to impose sanctions under R.C.2323.51 will not be reversed on appeal absent an abuse of discretion. Hollon v. Hollon (1996), 117 Ohio App.3d 344, 348;Toth v. Toth (1994), 94 Ohio App.3d 561, 565. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. However, the determination "whether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification or reversal of existing law is a question of law to be reviewed de novo." Toth, at 565.
R.C. 2323.51(A)(1)(a) defines "conduct" as:
 The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, filing a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action[.]
Under R.C. 2323.51(A)(2)(a)(ii), "frivolous conduct" by a party to a civil action or a party's counsel includes conduct that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." In awarding sanctions for frivolous conduct under R.C. 2323.51(B)(2)(a), the trial court must determine whether the conduct was frivolous, if the conduct adversely affected any party, and, if the court decides to award sanctions, the amount of the award.
In their brief, appellants focus exclusively on the language of the trial court's findings of fact and conclusions of law and ignore the language of the trial court's entry awarding sanctions. While it may be preferable for a trial court to employ the exact language of a statute when making findings of fact and conclusions of law, appellate review is not limited to reviewing only the trial court's findings of fact and conclusions of law but extends to the entire record of the trial court. See Stone v.Davis (1981), 66 Ohio St.2d 74, 85; Abney v. Western Res. Mut.Cas. Co. (1991), 76 Ohio App.3d 424, 431.
Upon a review of both entries, we find that the trial court made the required determinations of R.C. 2323.51(B)(2)(a) prior to awarding sanctions. The trial court found that the conduct of appellants in pursuing the action against appellee despite knowledge of the addendum releasing appellee and warnings from appellee's counsel amounted to frivolous conduct under R.C.2323.51. In addition, the trial court noted that appellants filed a motion for summary judgment that lacked any authority to overcome the addendum. The trial court stated that appellee had to pay counsel to prepare an answer and to file it with the court, as well as having to file a motion for summary judgment and a response to appellants' motion. Thus, the court concluded that appellee was adversely affected by having to expend money to defend against the lawsuit. The trial court awarded appellee $1,525 in sanctions, which was less than the total amount of attorney fees expended by appellee.
Appellants also contend that, even if the trial court made the required findings under R.C. 2323.51, the trial court could not award sanctions based on Turner's summary judgment motion because the trial court instructed Turner to file the summary judgment motion. Appellants again argue that, since the summary judgment motion was the only action mentioned in the trial court's findings of fact and conclusions of law, this court's review is limited to considering that motion. Although appellants cite Lantz v. Ross (Nov. 18, 1997), Franklin App. No. 97APE03-372, unreported (1997 Opinions 4738), in support of their argument,Lantz is inapplicable because it merely held that the fact that the plaintiff's expert witness was no longer qualified to testify due to illness and retirement did not make the filing of the complaint based on the expert's opinion frivolous.
As stated above, appellants ignore the language of the trial court's entry awarding sanctions, which states that appellants' conduct in pursuing this lawsuit against appellee with full knowledge of the addendum releasing appellee from the lease was frivolous conduct. The trial court also cited Turner's motion for summary judgment as another basis for the award of sanctions in the trial court's findings of fact and conclusions of law. Although appellants argue that the trial court did not make a specific finding of fact or conclusion of law that the entire case was frivolous conduct, appellants ignore the clear import of the language of the trial court's entry and findings of fact and conclusions of law when examined together. A review of both entries reveals that the trial court considered the entire case frivolous due to appellants' knowledge of the addendum releasing appellee from the terms of the lease. Given the addendum, we find it was well within the trial court's discretion to find that the filing of the complaint and subsequently the motion for summary judgment was frivolous conduct under R.C. 2323.51.
Moreover, appellants' argument that the trial court allegedly instructed them to file a summary judgment motion does not relieve appellants of the duty under Civ.R. 11 and R.C.2323.51 not to file a frivolous motion. Because of the addendum, appellants were faced with the option of dismissing the action against appellee or filing a frivolous motion. Appellants chose to do the latter. Therefore, we conclude that the trial court did not abuse its discretion in awarding appellee attorney fees as sanctions under R.C. 2323.51. Consequently, appellants' first assignment of error is without merit and is overruled.
In appellants' second assignment of error, they argue that the trial court abused its discretion by not holding an evidentiary hearing on the motion for relief from judgment. We disagree.
The decision whether to hold an evidentiary hearing on a Civ.R. 60(B) motion for relief from judgment is within the discretion of the trial court. Schafer v. Continental Airlines,Inc. (1989), 62 Ohio App.3d 855, 857; U.A.P. Columbus JV326132 v.Plum (1986), 27 Ohio App.3d 293, 294. When a motion for relief from judgment under Civ.R. 60(B) alleges operative facts that would justify relief, if true, the trial court abuses its discretion by denying the motion without holding an evidentiary hearing. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19. However, the trial court is not required to hold an evidentiary hearing if the motion and any attachments lack allegations of operative facts that, if true, warrant relief under Civ.R. 60(B).State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151. This court has previously held that, to warrant an evidentiary hearing on a Civ.R. 60(B) motion, "appellant's motion must allege operative facts that, if true, establish: (1) that the appellant has a meritorious defense or claim, (2) that appellant is entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5), and (3) that the motion was timely filed." Korn v.Korn (Dec. 9, 1997), Franklin App. No. 97APF07-880, unreported (1997 Opinions 5085).
Here, Turner's motion for relief from judgment asserted that Turner was entitled to relief under Civ.R. 60(B)(2) for newly discovered evidence which could not have been discovered by due diligence prior to the time for filing a motion for a new trial. Specifically, appellants argued that the assertions of Fitzpatrick's affidavit, which they filed with the motion, were "newly discovered" in that they were unaware that she did not intend to release appellee from the lease by signing the addendum. They also assert that they were unaware of Fitzpatrick's whereabouts until they received a letter from Fitzpatrick subsequent to the trial court's decision on the motion for sanctions.
However, Turner's motion for relief from judgment fails on its face because appellants failed to demonstrate in the motion why they could not have discovered Fitzpatrick's assertions or her address with due diligence prior to the hearing. All appellants state in the motion is that they did not know Fitzpatrick's whereabouts. They do not detail any efforts they made to contact her during the pendency of the action or prior to the time for filing a motion for a new trial. A demonstration of due diligence is a specific requirement for relief under Civ.R. 60(B)(2), and other Ohio appellate courts have affirmed a trial court's dismissal of a Civ.R. 60(B)(2) motion for failure of the movant to demonstrate due diligence. Ross v. Wolf Envelope Co. (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported; Wiley v. Natl.Garages, Inc. (1984), 22 Ohio App.3d 57, 64.
Additionally, the assertions in Fitzpatrick's affidavit do not qualify as "newly discovered" evidence under Civ.R. 60(B)(2) because the circumstances surrounding the addendum signed by Turner and Fitzpatrick were known by appellants prior to filing this action. In Holden v. Ohio Bur. of Motor Vehicles (1990),67 Ohio App.3d 531, 540, the court held that the information contained in a letter received after the trial court's decision was not "newly discovered" because the information was available to the defendant prior to trial. Here, both Turner and Fitzpatrick were involved in discussions after appellee's death which led to the preparation of the addendum by Turner, which was signed by Turner on May 22, 1997, and by Fitzpatrick on May 24, 1997. Thus, Turner was aware of the substance of these discussions in May 1997. In the motion for summary judgment, appellants asserted that the addendum was not valid because appellee was not a party to the addendum and because Turner did not receive any consideration for the addendum. Then, after the trial court rejected this argument and awarded sanctions, appellants "discovered" Fitzpatrick's whereabouts and "learned" that she did not intend to release appellee from the lease by signing the addendum.
Because Turner's motion for relief from judgment failed to demonstrate due diligence and because the evidence on which the motion was based does not qualify as "newly discovered," Turner failed to demonstrate that it was entitled to relief under Civ.R. 60(B)(2). Therefore, the trial court did not abuse its discretion in denying the motion without holding an evidentiary hearing. Consequently, appellants' second assignment of error is without merit and is overruled.
Because we find that the trial court did not abuse its discretion in denying appellants' Civ.R. 60(B) motion, appellants' third assignment of error, arguing that the trial court applied the wrong standard in reviewing the Civ.R. 60(B) motion, is moot.
For the foregoing reasons, appellants' first and second assignments of error are overruled, and appellants' third assignment of error is moot. Consequently, the decision of the trial court is affirmed.
Appellee filed a motion for attorney fees and costs pursuant to App.R. 23, arguing that appellants' appeal is frivolous. Under App.R. 23, an appellate court may assess attorney fees and costs against a party whose appeal presents no reasonable question for review. Scott v. Borelli (1995),106 Ohio App.3d 449, 457. Because we find that appellants presented a reasonable question for review with regard to the trial court's denial of the Civ.R. 60(B) motion, appellee's motion for attorney fees and costs is overruled.
Judgment affirmed; Motion for attorney fees and costs denied.
BOWMAN and BROWN, JJ., concur.