OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant Lewis G. Robinson and his wife appeal, pro se, from the summary judgment entered by the trial court in favor of defendants-appellees Edward Kramer and Dennis Polke on plaintiff Lewis' claim of legal malpractice. Plaintiff Lewis claims the trial court erred in finding his claims barred by the one-year statute of limitations (R.C. 2310.11 (A)) because the statute of limitations was tolled pending plaintiff's period of mental incompetence. (R.C. 2305.16). We find no error and affirm.
On July 2, 1998, plaintiff alleged that the defendant attorneys were negligent in representing him in a personal injury action against the Willard Construction Company and the City of Shaker Heights for injuries allegedly sustained in a slip and fall accident. Plaintiff claims that due to defendants' incompetence, he was denied reasonable compensation for his injuries. Plaintiff also claims that he relied upon defendant Kramer's representations that defendant Polke was a competent attorney. Plaintiff's wife claimed a loss of consortium.
On April 12, 1999, defendants filed their motion for summary judgment on the grounds that plaintiffs' claims were barred by the applicable statute of limitations; the undisputed facts failed to establish legal malpractice; and the allegations of fraud were actually a claim for legal malpractice.
On April 27, 1999, plaintiffs filed an opposition contending that the one-year statute of limitations for their legal malpractice claim was tolled pursuant to R.C. 2305.16, because Lewis Robinson's mental disability existed prior to the accrual of the legal malpractice cause of action.
Defendants' reply asserted that plaintiffs failed to provide any evidence supporting their contention that Mr. Robinson suffered from a mental disability at the time plaintiffs' claim of legal malpractice accrued.
In September 1993, Mr. Robinson was being represented in a discrimination action by defendant Kramer. At a meeting with defendant Kramer regarding the discrimination action, Mr. Robinson advised Kramer that he had been in a slip and fall accident whereby he had sustained injuries. Kramer introduced Mr. Robinson to a member of his law firm, Dennis Polke, who filed suit on behalf of plaintiffs.
Following Mr. Robinson's deposition in the slip and fall action, the construction company and City of Shaker Heights filed summary judgment motions relying upon Mr. Robinson's deposition testimony that he had seen the pipe he tripped over prior to actually falling. Notwithstanding the oppositions filed, the motions for summary judgment were subsequently granted on June 6, 1995, and Polke took an appeal to this Court.
On July 10, 1995, defendant Polke attended a pre-hearing conference scheduled by the Court of Appeals at which a settlement offer of $5,300 was made collectively by the defendants. Defendant Polke did not feel that Mr. Robinson would be successful on his appeal and, as such, advised him to accept the settlement offer. Although Mr. Robinson initially accepted the settlement offer on August 1, 1995, he subsequently rejected the settlement offer on August 17, 1995, and advised defendant Polke that he had, on his own initiative, filed documents with the Court of Appeals. The following day, defendant Polke sent a letter to Mr. Robinson advising him that both he and the law firm of Kramer Neirmann, L.P.A. were withdrawing as Mr. Robinson's legal representatives. Mr. Robinson acknowledged in his deposition that prior to receiving the August 18, 1995 correspondence from defendant Polke, he advised Polke that he wanted to handle the matter himself as he believed defendant Polke had "fouled up." (Lewis Robinson Depo. at p. 57). It was Mr. Robinson's opinion that defendant Polke was no longer his attorney. (Id. at 58). Defendant Polke's motion to withdraw as counsel was subsequently granted by the Common Pleas Court on September 5, 1995. This suit was brought on July 2, 1998.
On or about June 1, 1999, the trial court granted defendants' motion for summary judgment dismissing plaintiffs' case. A timely notice of appeal followed.
Plaintiff's assignments of error state as follows:
 I. WHETHER TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT PLAINTIFF'S CLAIM WAS TIME BARRED.
II. WHETHER PLAINTIFF HAD NO CAUSE OF ACTION.
 III. WHETHER TRIAL COURT VIOLATED CIVIL RULE 17 (B) WHEN IT KNEW PLAINTIFF HAD BEEN JUDICIALLY DECLARED MENTALLY INCOMPETENT.
 IV. WHETHER PLAINTIFF, WITHOUT COUNSEL, BEING FORCED TO TRIAL VIOLATES HIS 14TH AMENDMENT RIGHTS TO DUE PROCESS, EQUAL PROTECTION, PRIVILEGES AND IMMUNITIES.
 V. WHETHER IT IS A QUESTION OF FACT THAT DEFENDANT KRAMER CONVINCED PLAINTIFF TO HIRE HIS CO-DEFENDANT STAFF ATTORNEY, POLKE, CONSTITUTES FRAUD WHICH WOULD RENDER HIS COMPLAINT TIMELY UNDER THE FOUR-YEAR STATUTE OF LIMITATIONS.
The sole material issue raised by these various assignments of error is whether the one-year statute of limitations for plaintiff's claim of legal malpractice should have been tolled pursuant to R.C. 2305.16 due to Mr. Robinson's claim he was suffering from a mental disability at the time the claim for legal malpractice accrued. As plaintiffs' do not argue on appeal that the facts of this case establish a prima facie case of legal malpractice or that their complaint also alleges a fraud claim, we find that plaintiffs have waived their right to argue the same. App.R. 12 (A) (2)
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v.Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56 (E).Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
Defendants assert that the trial court properly granted their motion for summary judgment as plaintiffs failed to present sufficient evidence demonstrating that Mr. Robinson was of "unsound mind," at the time the alleged legal malpractice cause of action accrued, thereby precluding the tolling of the one-year statute of limitations pursuant to R.C. 2305.16.
R.C. 2305.16 tolls the statute of limitations due to minority or unsound mind, stating in pertinent part as follows:
 Unless otherwise provided in sections 1302.98, 1304.35, 2305.04 to 2305.14, or 2744.04 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind; the person may bring it within the respective times limited by those sections, after the disability is removed * * *.
 After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as being of unsound mind by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease that renders a person of unsound mind, the time during which the person is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought.
In Bowman v. Lemon (1926), 115 Ohio St. 326, the Ohio Supreme Court defined the term "unsound mind" as being a mental deficiency from which a plaintiff suffers that prevents him from being able to properly consult with counsel to prepare and present his case and which precludes him from asserting his rights in court. In Bowman, the Court stated:
 Where a plaintiff claims to have been of unsound mind at the time the cause of action accrues, so as to suspend the statute of limitations, which claim is denied by the defendant, plaintiff has the burden of proving that he was suffering from some species of mental deficiency or derangement, so as to be unable to look into his affairs, properly consult with counsel, prepare and present his case and assert and protect his rights in a court of justice; such issue should be submitted to the jury, as same as any other issue of fact in the case.
Id. at paragraph three of the syllabus.
This Court in State v. Doe (Jan. 29, 1998), Cuyahoga App. No. 71938, 72966, unreported, described unsound mind as:
 In Fisher v. Ohio University (1992), 63 Ohio St.3d 484, 487-488, the court defined unsound mind, as it relates to the ability to understand and enforce legal rights, at 487-488:
 "Unsound mind" is defined in R.C. 1.02 (C) as "including all forms of mental retardation or derangement." * * * "derangement" has been equated with insanity * * *.
Ohio courts have repeatedly held that a mere claim of unsound mind or mental deficiency is insufficient as a matter of law to toll the statute of limitations. In Fisher, the Supreme Court specifically limited an unsound mind claim to "forms of mental retardation or derangement" and "insanity." Furthermore, in Kotykv. Rebovich (1993), 87 Ohio App.3d 116, 120, citing, McKay v.Cutlip (1992), 80 Ohio App.3d 487, the court stated that a "general claim of disability, absent specific details, will not toll the time for the running of an applicable statue of limitations."
The Court of Appeals for the Ninth District in Bradford v.Surgical Medical Neurology Associates (1994), 95 Ohio App.3d 102,106, in analyzing the language of R.C. 2305.16, stated as follows:
 Based upon the language of R.C. 2305.16, the type of evidence necessary to show that a person was of unsound mind and, therefore, entitled to the benefit of tolling pursuant to its provisions, differs depending upon whether it is claimed that she was of unsound mind at the time the cause of action accrued or that she became of unsound mind after accrual of the cause of action. If it is claimed that she was of unsound mind at the time the cause of action accrued, any otherwise admissible evidence tending to support that claim may be used to establish her entitlement to tolling. See Almanza v. Kohlhorst (1992), 85 Ohio App.3d 135, 619 N.E.2d 442. If it is claimed that she became of unsound mind after accrual of the cause of action, however, the evidence on that issue must include either an adjudication by a court or evidence that she was institutionalized or hospitalized for a condition or disease that caused her to be of unsound mind. The tolling provided by R.C. 2305.16 for someone who became of unsound mind after the accrual of her cause of action lasts only during the period "during which [the] person is adjudicated as being of unsound mind or confined under a diagnosed condition which renders [her] of unsound mind.' Fisher v. Ohio Univ. (1992), 63 Ohio St.3d 484, 487, 589 N.E.2d 13, 16.
In the instant case, Mr. Robinson claims that he was of unsound mind at the time his malpractice cause of action accrued. Thus, this case involves the first paragraph of R.C. 2305.16 and it was incumbent upon Mr. Robinson to present evidence demonstrating that at the time his legal malpractice cause of action accrued he was of unsound mind.
This court has consistently held that evidence of plaintiff's unsound mind before and after the cause of action accrued is insufficient to support the application of the first paragraph of R.C. 2305.16 to toll the statute of limitations. See Casey v.Casey (1996), 109 Ohio App.3d 830; Livingston v. Diocese ofCleveland (1998), 126 Ohio App.3d 299; Winters v. The ClevelandClinic Foundation (May 1, 1997), Cuyahoga App. No. 71110, unreported.
In Casey, supra, the plaintiff presented the affidavit from an examining doctor in support of her claim that the statute of limitations was tolled pursuant to the first paragraph of R.C.2305.16 due to her being of unsound mind. However, this affidavit only established her current state of mind. This Court held that the affidavit failed to create a genuine issue of material fact as to whether plaintiff was of unsound mind at the time her cause of action accrued because it described plaintiff's "then current emotional state" and was "irrelevant for the purpose of ascertaining her mental soundness at the time the cause of action accrued in October, 1988." Id. at 836.
In Livingston, supra, the plaintiff presented the testimony of an expert who examined her after the commencement of the action. The expert opined that plaintiff was suffering from "post-traumatic stress disorder" and "major depression" that "would prohibit her from * * * coming forth." However, this Court held that such evidence was insufficient to raise a question of fact with regard to the application of R.C. 2305.16 to her claims. Id. at 313.
Furthermore, in Winters, supra, the plaintiff submitted an affidavit of his doctor in support of his assertion that his medical malpractice claim was tolled pursuant to the first paragraph of R.C. 2305.16 due to his unsound mind. However, this Court again held that the doctor did not have personal knowledge of the plaintiff's state of mind at the time of his alleged unsound mind or prior to the date of the doctor's evaluation. Therefore, the doctor's affidavit could not be considered by the trial court in applying the first paragraph of R.C. 2305.16.
In the instant case, it is undisputed that Mr. Robinson's legal malpractice claim accrued on August 18, 1995, when he fired Polke. The record establishes that on August 17, 1995, Mr. Robinson rejected the $5,300 settlement offer and advised Polke that he had taken it upon himself to file documents with this Court. The following day, Polke sent a letter to Mr. Robinson advising that he and his firm were withdrawing as Mr. Robinson's legal representatives. In addition, Mr. Robinson acknowledged in his deposition that, prior to receiving this letter, he advised Polke that he wanted to handle the matter himself as he thought that Polke had "fouled up." Based on this evidence, it is clear that Mr. Robinson's legal malpractice claim accrued as of August 18, 1995.
Even though we acknowledge that the evidentiary requirements of the second paragraph of R.C. 2305.16 are much more stringent than those of the first paragraph, plaintiff must present some evidence of Mr. Robinson's state of mind at the time the cause of action accrued in order to satisfy the first paragraph. However, plaintiffs have failed to present any evidence establishing that on August 18, 1995, Mr. Robinson was of unsound mind. The only evidence presented by plaintiffs were court records showing that in 1990 a guardian ad litem was appointed for Mr. Robinson in the matter captioned Lewis Robinson v. Bank One, Cleveland, NA, et al.
These records reflect that the guardian ad litem was appointed in order to assist in settling the case and that Mr. Robinson has repeatedly denied and contested the appointment.
As discussed above, this Court has consistently held that evidence of plaintiff's unsound mind before or after, and not at the time the action accrued, is insufficient to support the application of the first paragraph of R.C. 2305.16 to toll the statute of limitations. In the instant case, plaintiffs' evidence does not establish Mr. Robinson's state of mind at the time his present legal malpractice action accrued on August 18, 1995. Nor does it establish his inability to timely commence this action during the statutory time period.
Because plaintiffs have failed to properly demonstrate unsound mind at the time the cause of action accrued, their assertion that the statute of limitations was tolled is without merit. Therefore, no genuine issue of material fact existed and the trial court correctly granted summary judgment in favor of the defendants.
Plaintiffs-appellants' assignments of error are overruled. Summary judgment was properly granted.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and BLACKMON, J., CONCUR.
 _______________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE