OPINION
{¶ 1} Plaintiff-appellant Randall Bryant appeals the decision of Mahoning County Common Pleas Court granting summary judgment for defendant-appellee Steve Floyd. The issue presented in this case is whether the trial court erred when it found that the one year statute of limitations "began to toll in 2001" and as Bryant did not file his complaint until 2004, after the expiration of the statute of limitations, Floyd was entitled to summary judgment. For the reasons stated below, the trial court's decision is hereby affirmed.
 STATEMENT OF FACTS AND CASE {¶ 2} While Bryant was still a minor, Floyd was married to Bryant's mother for less than ten years. During this marriage, Bryant alleges that Floyd sexually abused him by inappropriately touching him.
 {¶ 3} This alleged sexual abuse occurred approximately from 1985 until 1991. In 1993, Bryant reached the age of majority.
 {¶ 4} In August 2001, Bryant was charged with criminal child enticement in Trumbull County. Shortly after that in September, October or November of 2001, Bryant told his mother about the alleged sexual abuse that Floyd had inflicted upon him. He claims that the memories of the alleged abuse were suppressed until that point.
 {¶ 5} Around that same time in 2001, Bryant was diagnosed as having a mental illness. (Bryant Depo. 28). It appears he was diagnosed with depression and psychotic features, i.e. he has hallucinations where he hears and sees things. (Bryant Depo. 32). By the end of 2001, he was taking medications for his illness. (Bryant Depo. 28). He claims the medications put him in some sort of a "fog." (Bryant Depo. 55).
 {¶ 6} Bryant then filed this lawsuit on November 1, 2004. Floyd filed a timely answer. After Bryant's deposition was taken, Floyd filed a motion for summary judgment based upon the expiration of the statute of limitations. Bryant then filed a motion in opposition to Floyd's motion for summary judgment. The trial court granted Floyd's motion for summary judgment. It stated the following:
 {¶ 7} "This Court finds that the one year statute of limitations began to toll in 2001 as this was the first time that Plaintiff became aware of the alleged conduct giving rise to this suit. Consequently, Defendant's motion for summary judgment is hereby sustained as the statute of limitations had already run prior to the filing of this action." (4/26/05 J.E.).
 {¶ 8} Bryant timely appeals from that decision.
 ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and, (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 11} A cause of action premised upon acts of sexual abuse, like the one alleged in the instant case, is subject to the one-year statute of limitation enumerated in R.C. 2305.111. Doev. First United Methodist Church, 68 Ohio St.3d 531, paragraph one of the syllabus, 1994-Ohio-531. This one-year statute of limitation is not triggered until the person claiming the injury reaches the age of majority. R.C. 2305.16; Doe,68 Ohio St.3d at 537.
 {¶ 12} Thus, in the instant matter, the statute of limitations did not begin to run until June 2, 1993, the day Bryant attained the age of majority. Consequently, Bryant's filing of the complaint on November 1, 2004, was well outside the one-year limitation period. However, Bryant claims that the "discovery rule" is applicable in sexual abuse cases.
 {¶ 13} His contention is correct. The Ohio Supreme Court has held that "the discovery rule applies in Ohio to toll the statute of limitations where a victim of childhood sexual abuse represses memories of that abuse until a later time." Ault v. Jasko,70 Ohio St.3d 114, 117, 1994-Ohio-376.
 {¶ 14} Floyd argues that the discovery rule is not applicable in this case because Bryant did not repress the memories of the alleged sexual abuse and that he was cognizant of the alleged abuse on or shortly after June 2, 1993.
 {¶ 15} While Bryant at one point indicates that he was aware of the alleged sexual abuse in 1994, he later recants this testimony. (Bryant Depo. 61-62). The colloquy occurred as follows:
 {¶ 16} "Q. In 1994 were you aware that you had sexual relations or improper touching with the defendant in this case?
 {¶ 17} "* * *
 {¶ 18} "Q. I'm not asking if you were thinking about it. I'm asking if it was something you were cognizant or aware that it had happened?
 {¶ 19} "A. I was aware that it had happened.
 {¶ 20} "Q. Okay. And from, let's say, 1994 until you got on this medication in 2001, so maybe seven years later, were you cognizant at all times from '94 until 2001 that there had been this touching between you and Steve Floyd, Senior?
 {¶ 21} "A. No. I had pretty well repressed the memory.
 {¶ 22} "* * *
 {¶ 23} "Q. I understand it is not something you were dwelling on. But were you aware that it had happened? And I think you told me you were.
 {¶ 24} "A. Yeah.
 {¶ 25} "Q. And at all times until you started taking the drugs in 2001, were you aware that these events had occurred?
 {¶ 26} "A. Yeah." (Bryant Depo. 61-63).
 {¶ 27} However, three pages later, Bryant stated the following:
 {¶ 28} "Q. What has prevented you from making your claims against Steve Floyd, Senior, until the present time?
 {¶ 29} "A. I would say memory repression. I just really — Going back to the question from whenever the time frame was, I'm not sure, but I really have had these memory repressed and don't dwell on them. You said if was a cognizant that it happened. [sic] I don't know. Are you cognizant that you were born? We are all aware of it, but it is nothing we think about. I think I would retract my statement and go along the lines I wasn't cognizant or didn't think about it that often. That's why I really didn't bring suit or think it was a problem." (Bryant Depo. 66).
 {¶ 30} Considering all of this testimony and viewing it in the light most favorable to Bryant, we find that the statute of limitations did not begin to run on June 3, 1993 and that Bryant repressed the alleged memories. That said, it is acknowledged that Bryant admitted the alleged sexual abuse in late 2001 and as such, it can be concluded that at that point he had discovered the alleged sexual abuse.
 {¶ 31} Although Bryant admits that he was aware of the sexual abuse in September, October or November of 2001, he claims he was mentally ill and started taking medication shortly after remembering the sexual abuse. He claims the medication put him in some sort of fog, and he was unable to pursue the action. Essentially, he is claiming that his mental illness and the medication he was taking for that illness was a disability because he was of "unsound mind." Thus, Bryant claims that according to R.C. 2305.16 the statute of limitations did not toll until the disability was removed.
 {¶ 32} R.C. 2305.16 states, in pertinent part:
 {¶ 33} "[I]f a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed."
 {¶ 34} The term "unsound mind" includes all forms of mental retardation and derangement. R.C. 1.02(C). In Fisher v. OhioUniversity (1992), 63 Ohio St.3d 484, 486, the Ohio Supreme Court equated the term "derangement" as used in R.C. 1.02(C) with the term "insanity." Id. at 488. Courts have stated that evidence of depression, guilt, anxiety, and other forms of emotional distress in victims of childhood sexual abuse is insufficient to toll the statute of limitations. Livingston v. Diocese ofCleveland (1998), 126 Ohio App.3d 299, 314, citing Doe,68 Ohio St.3d 531.
 {¶ 35} In his deposition, Bryant stated that he was diagnosed with depression and psychotic features. He claims that this diagnosis is a more severe mental illness than the one presented in Doe. And thus, according to him, this diagnosis is sufficient to toll the statute of limitations.
 {¶ 36} While it could possibly be true that Bryant does suffer from more serious mental illness than the ones presented in Doe, the record in this case shows nothing more than Bryant's own assertions that he has a mental illness that makes him of unsound mind and creates a disability. In the matter before this court, this type of blanket assertion is inadequate to survive summary judgment on the statute of limitations issue.
 {¶ 37} In Fisher, the Supreme Court held that a plaintiff who does no more than nebulously make an assertion "of emotional distress does not create an issue of fact concerning unsound mind." Fisher, 63 Ohio St.3d at 486. Furthermore, in Burton v.Theisler, this court stated the following about an unsupported claim of unsound mind or mental deficiency:
 {¶ 38} "Ohio courts have repeatedly held that a mere claim of unsound mind or mental deficiency is insufficient as a matter of law to toll a statute of limitations. In Fisher v. OhioUniversity (1992), 63 Ohio St.3d 484, 487-488, the Ohio Supreme Court specifically limited an unsound mind claim to `forms of mental retardation or derangement' and `insanity.' Recently, the court in Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, 120, stated that a `general claim of disability, absent specific details, will not toll the time for the running of an applicable statute of limitations.'" Burton v. Theisler (Jan. 22, 1997), 7th Dist. No. 96 CA 1 (ruling on a medical malpractice case involving a chiropractor).
 {¶ 39} The record in the case before this court provides that Bryant is diagnosed with depression and psychotic features. According to Doe and Livingston this is insufficient to toll the statute of limitations. While Bryant may now claim that his depression is more severe than the type presented in the Doe
case, nothing in the record suggests that it is.
 {¶ 40} Bryant's claim, if true, could have easily been presented through an affidavit attached to his motion in opposition to summary judgment. One of his doctor's could have attested to his claim that his mental illness made him of "unsound mind." Thus, there could have been a genuine issue of material fact as to whether his mental illness, as a disability, tolled the statute of limitations. However, Bryant did not take this action in this case.
 {¶ 41} Accordingly, given that a general claim of disability is not sufficient to toll the statute of limitations, we cannot find that the trial court erred in concluding that the statute of limitations began to run at the latest in November 2001, when Bryant told his mother about the sexual abuse. As nothing in the record suggests that his mental illness rose to the level of a disability, the statute of limitations was not tolled.
 {¶ 42} For the above stated reasons, the trial court's grant of summary judgment for Floyd is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.