ALMANZA, Appellant,

v.

KOHLHORST et al., Appellees.

[Cite as *Almanza v. Kohlhorst* (1992), 85 Ohio App.3d 135.]

Court of Appeals of Ohio,
Henry County.

No. 7–92–5.

Decided Dec. 23, 1992.

*Frank W. Cubbon, Jr. & Associates Co., L.P.A., Frank W. Cubbon, Jr.* and *Barbara A. Cubbon,* for appellant.

*Eastman & Smith, Rudolph A. Peckinpaugh, Jr.* and *Richard E. Antonini,* for appellees.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Henry County granting summary judgment in favor of defendants-appellees, Douglas R.

Kohlhorst ("Kohlhorst") and B.A. Miller & Sons Trucking, Inc. ("Miller"), and against plaintiff-appellant, Diana Almanza.

On October 25, 1985, an automobile driven by appellant collided with a tractor-trailer owned by Miller and driven by its employee, Kohlhorst, at the intersection of Huddle Road and State Route 108 in Napoleon, Henry County, Ohio. Appellant was severely injured as a result of the accident.

On October 4, 1990, appellant filed this action against appellees seeking recovery for her personal injuries, pain and suffering, lost wages, medical expenses and property damage. In her complaint, appellant alleged that she was of unsound mind at the time the cause of action accrued and continued to be of unsound mind for a period in excess of three years thereafter.

In their motion for summary judgment, appellees' claims which are pertinent to this appeal are that (1) Kohlhorst neither had nor breached a duty to appellant since Kohlhorst had the right of way; (2) any negligence on the part of Kohlhorst was not the proximate cause of appellant's injuries; (3) appellant's contributory negligence barred her claim as a matter of law because her negligence was greater than that of Kohlhorst; and (4) appellant's claim was barred by the statute of limitations, which statute was not tolled because appellant was never adjudicated as being of unsound mind nor was she ever confined in an institution or hospital under a diagnosis of unsound mind.

In granting summary judgment in favor of appellees, the trial court relied on the second paragraph of R.C. 2305.16 and found that there was no evidence appellant had ever been confined to a hospital or institution concerning any unsoundness of mind. The court further found that, even if it considered the eleven-month period appellant was hospitalized following the accident and the six days Kohlhorst was absent from the jurisdiction between the date of the accident and the date the action was filed, appellant's action was still barred.

The trial court found appellant's reliance on the first paragraph of R.C. 2305.16 to be misplaced, stating there was no evidence that appellant's unsoundness of mind existed when the cause of action accrued. The court further found that, as a matter of law, appellant's negligence exceeded that of appellees and appellant's negligence was the proximate cause of her injuries.

Appellant now appeals the trial court's granting of summary judgment in favor of appellees and sets forth four assignments of error, the first of which is:

"The lower court erred in holding that Diana Almanza's action is barred by the applicable statute of limitations."

■ Pursuant to R.C. 2305.10, appellant had two years to bring her action for bodily injury and damage to personal property from the time the cause thereof

arose. Pursuant to the provisions of R.C. 2305.16, the statute of limitations is tolled if a claimant is under any of a number of disabilities, including unsoundness of mind. The major issue presented in this assignment of error is which paragraph of R.C. 2305.16 applies to the facts of this case.

The first paragraph of R.C. 2305.16 applies to disabilities existing at the time the cause of action accrues, while the second paragraph applies to disabilities arising after the cause of action accrues. Appellant claims, and there is evidence in the record indicating, that the injuries she suffered as a result of this accident simultaneously made her of unsound mind.

Appellees argue that appellant's disability, if any, arose after the cause of action accrued and, therefore, paragraph two of R.C. 2305.16 applies to the facts of this case. Since appellant has never been adjudicated as being of unsound mind, nor has she been hospitalized or institutionalized under a diagnosis of unsound mind, appellees contend that appellant is not entitled to a tolling of the statute of limitations.

The term "of unsound mind," as defined in R.C. 1.02, "includes all forms of mental retardation or derangement." There is ample evidence in this case to show that appellant suffered a severe closed head injury as a result of this accident, which left her comatose for approximately three months and hospitalized for eleven months. Furthermore, the affidavit of Dr. R.C. Soriano, one of appellant's treating physicians, states that appellant's closed head injury resulted in mental, physical and emotional deficits and those deficits caused appellant to be "unable to care for herself and to properly look into her business affairs for at least three years subsequent to the accident."

Ohio courts have apparently not addressed directly the issue of tolling a statute of limitations for a disability occurring simultaneously with the accrual of a cause of action. In *Bowman v. Lemon* (1926), 115 Ohio St. 326, 154 N.E. 317, the plaintiff was rendered of unsound mind as a result of an assault and battery by the defendant. His action against the defendant arising out of the assault and battery was brought after the expiration of the statute of limitations.

The plaintiff in *Bowman* asserted that he was entitled to a tolling of the statute pursuant to G.C. 11229, which is identical to paragraph one of R.C. 2305.16 in effect at the time of this accident.[1] The second paragraph of R.C. 2305.16 did not exist at the time *Bowman* was decided, but was added in 1965.

The court in *Bowman* held that, if a plaintiff claims entitlement to a tolling of the statute of limitations due to unsoundness of mind, he or she has "the burden

---

1. R.C. 2305.16 was amended effective January 31, 1991. The only change in the statute is the deletion of imprisonment as a disability which tolls the statute of limitations.

of proving that he was suffering from some species of mental deficiency or derangement, so as to be unable to look into his affairs, properly consult with counsel, prepare and present his case and assert and protect his rights in a court of justice; such issue should be submitted to the jury, the same as any other issue of fact in the case." *Id.* at paragraph three of the syllabus. See, also, *Lowe v. Union Trust Co.* (1931), 124 Ohio St. 302, 10 Ohio Law Abs. 702, 178 N.E. 255.

Appellant argues that, had the legislature intended to change the holding of *Bowman,* it would have done so when it amended R.C. 2305.16 by adding the second paragraph in 1965. We agree with the holding in *Bowman* that the question of appellant's unsoundness of mind at the time the cause of action accrued is one for the jury and is not appropriate for summary judgment.

Summary judgment is proper only when the evidence and pleadings, viewed most strongly in favor of the party opposing such motion, reveal no genuine issue of material fact and reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 56(C); and *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. We believe that the evidence and pleadings do reveal a genuine issue of material fact and, therefore, summary judgment on this issue was inappropriate.

Appellant's first assignment of error is sustained.

■ Appellant's second through fourth assignments of error are related and will be considered together. They are:

Second Assignment of Error:

"The lower court erred in holding that the negligence of Diana Almanza exceeded the negligence of Douglas Kohlhorst as a matter of law."

Third Assignment of Error:

"The lower court erred in holding that the conduct of Diana Almanza was the proximate cause of her injury."

Fourth Assignment of Error:

"The lower court erred in granting the motion of defendants for summary judgment."

The trial court, after holding that appellant's claim was barred by the statute of limitations, went on to discuss the issue of causation and held that, as a matter of law, appellant was more negligent than appellees and appellant's negligence was the proximate cause of her injury.

The evidence indicates that appellant was traveling east on Huddle Road and appellee Kohlhorst was traveling south on State Route 108. The point where the accident occurred is a T-intersection where the two roads meet. There is a stop

sign for traffic on Huddle Road but no traffic control device for traffic on State Route 108.

Kohlhorst testified by deposition that he was traveling at approximately thirty to thirty-five miles per hour when he saw appellant's car pull out in front of him. He applied the brakes, but was unable to avoid striking appellant's car. He testified that he did not see appellant's car until he was approximately twenty feet from it, even though his view of the intersection was unobstructed.

Appellant has no memory of the accident or events leading up to it and, therefore, cannot offer any direct testimony to contradict that of Kohlhorst. Appellant's accident reconstruction expert, Robert Kelly, submitted an affidavit expressing his opinion that Kohlhorst was traveling at approximately sixty-one miles per hour at the time he first applied his brakes (the speed limit is thirty-five miles per hour).

Despite the conflicting testimony contained in the affidavit of appellant's expert, the trial court found that "the undisputed negligence of Plaintiff exceeds any negligence attributable [to] the Defendants." While agreeing with the trial court's statement that "[t]he mere existence of a comparative negligence statute cannot be considered as requiring all such cases to be tried," we do not agree that, as a matter of law, appellant's negligence exceeded that of appellees in this case.

R.C. 4511.43 provides that, once a driver is stopped at a stop sign, the driver must yield the right of way to vehicles in the intersection or approaching on another road "so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection * * *." Pursuant to this statute, appellant had a duty to yield the right of way to appellee Kohlhorst if he was "so close to the intersection as to constitute an immediate hazard."

■ R.C. 4511.01(UU)(1) defines "right of way" as:

" * * * The right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle * * * approaching from a different direction into its or his path[.]"

Pursuant to this statute, Kohlhorst had the right of way if he was proceeding *in a lawful manner*. If Kohlhorst was not proceeding in a lawful manner, he lost his preferential status and the obligations of the two vehicles are governed by the rules of common law. *Morris v. Bloomgren* (1933), 127 Ohio St. 147, 187 N.E. 2, paragraph three of the syllabus. See, also, *Deming v. Osinski* (1970), 24 Ohio St.2d 179, 53 O.O.2d 387, 265 N.E.2d 554, and *Rice v. Reimholz* (Apr. 30, 1985), Hancock App. No. 5–83–46, unreported, 1985 WL 9115.

Since there is conflicting evidence upon which reasonable minds could differ as to whether Kohlhorst was proceeding in a lawful manner, this case is not appropriate for summary judgment upon the issue of the fault attributable to each party and the proximate cause of the accident and appellant's injury.

Appellant's second, third and fourth assignments of error are sustained.

The judgment of the Common Pleas Court of Henry County is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and SHAW, J., concur.