BRADFORD, GDN., et al., Appellants,

v.

SURGICAL & MEDICAL NEUROLOGY ASSOCIATES, INC., et al., Appellees.

[Cite as *Bradford v. Surgical & Med. Neurology Assoc., Inc.* (1994), 95 Ohio App.3d 102.]

Court of Appeals of Ohio,
Summit County.

No. 15938.

Decided May 25, 1994.

*Paul G. Perantinides,* for appellants.

*Jeff Schobert,* for appellees Surgical & Medical Neurology, Dr. Zahn and Dr. Strachan.

*Robert F. Orth,* for appellees Summit Ophthalmology, Inc. & D.G. Burket, M.D.

*Robert F. Linton* and *Matthew W. Oby,* for appellees Tallmadge Family Medical Center, Inc., Dr. Rimedio, D.O. and Rex W. Dinsmore, D.O.

*Kenneth Torgerson,* for appellees Rajdev K. Grewal, M.D. and Rajdev K. Grewal, M.D., Inc.

DICKINSON, Judge.

Stephen Bradford, plaintiff in his own right and as guardian for Sandra Bradford, has appealed from an order granting summary judgment dismissing the complaint in this matter against defendants Tallmadge Family Medical Center, Dr. N.V. Rimedio, Dr. Rex Dinsmore, Dr. Rajdev Grewal, Summit Opthamology Inc., and Dr. D.G. Burket. The trial court held that this medical malpractice claim was not commenced against these six defendants within the applicable one-year statute of limitations. Bradford has argued that the trial court (1) incorrectly determined the date on which the cause of action accrued against these defendants, and (2) incorrectly determined that the statute of limitations had not been tolled based upon Sandra Bradford having become of

unsound mind.[1]  This court affirms the judgment of the trial court because (1) it correctly determined that the cause of action accrued against these defendants on the date Mrs. Bradford was diagnosed as having a brain tumor rather than on the date that tumor was removed, and (2) the undisputed facts in this case would not support a finding that the statute of limitations was tolled because Mrs. Bradford became of unsound mind after the cause of action accrued.

## 1

### A

This is a medical malpractice claim against a number of individuals and entities that provided medical care to Sandra Bradford between 1975 and 1984.  Mrs. Bradford sought treatment during that period for impaired vision, a constantly dilated pupil, headaches, and a number of other symptoms.  The defendants were unable to diagnose the cause of her symptoms.  On April 16, 1984, Mrs. Bradford was admitted to the Ohio State University Hospitals for the purpose of determining whether her symptoms were being caused by a tumor.  During her hospitalization, a number of tests were performed on her and she was diagnosed as having a meningioma of the tuberculum sellae, commonly known as a brain tumor.  She was scheduled for surgery to remove the tumor and, on April 21, 1984, was discharged from the hospital.  She returned to the hospital and the tumor was surgically removed on April 30, 1984.

Following surgery, Mrs. Bradford exhibited a number of physical complications, including blindness.  After a period of hospitalization, she was cared for at home from July 26, 1985, through June 29, 1987.  She was then placed in a nursing home.

On January 4, 1990, the Summit County Probate Court determined that Mrs. Bradford was of unsound mind and appointed a guardian for her.  Mr. Bradford succeeded the original guardian on May 14, 1991.

### B

This litigation is the second action based upon the failure of medical personnel to accurately diagnose the cause of Mrs. Bradford's symptoms.  The first action, case No. 84–11–3541, was commenced against three defendants by Mr. and Mrs. Bradford on November 27, 1984.  The complaint in that case did not include an allegation that Mrs. Bradford was of unsound mind.  That action was dismissed

---

1.  Mr. Bradford's claim in his own right is for loss of consortium.  None of the parties to this appeal have suggested that his claim should be analyzed separately from Mrs. Bradford's for statute of limitations purposes.

by the trial court pursuant to R.C. 2305.11(B)(2) because it had not been filed within four years of the defendants' alleged failure to diagnose Mrs. Bradford's tumor. On appeal from that dismissal, the Ohio Supreme Court, based upon the authority of *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, reversed the judgment and remanded the case to the trial court for further proceedings. *Bradford v. Zahn* (1988), 36 Ohio St.3d 236, 522 N.E.2d 1088. Following remand to the trial court, the Bradfords, on September 9, 1990, voluntarily dismissed case No. 84–11–3541 pursuant to Civ.R. 41(A).

Mr. Bradford commenced this action, case No. 91–06–2183, on June 18, 1993, on behalf of himself and as Mrs. Bradford's guardian. There were seventeen defendants named in his complaint, including the three parties who were the defendants in case No. 84–11–3541.

During the time this case was pending before the trial court, Mr. Bradford voluntarily dismissed seven of the defendants who had not been parties to case No. 84–11–3541. The other seven defendants who had not been parties to case No. 84–11–3541 moved for summary judgment and argued that this action had not been commenced against them prior to expiration of the applicable statute of limitations. The trial court initially denied their motions and they moved for reconsideration of that denial. On August 24, 1992, the trial court reconsidered its earlier ruling and granted the motions for summary judgment of six of the remaining defendants who had not been parties to case No. 84–11–3541. The trial court's order included a certification that there was no just reason for delay, and Mr. Bradford appealed to this court.

## II

In reviewing a trial court's grant of summary judgment, this court applies the same standard the trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122. Mr. Bradford has argued that there remained a genuine issue of material fact and the six defendants to whom the trial court granted summary judgment were not entitled to judgment as a matter of law.

R.C. 2305.11(B)(1) provides that an action for medical malpractice must be commenced within one year after the cause of action accrues. R.C. 2305.16, however, tolls the running of the statute of limitations if, among other things, the person entitled to bring the action was of unsound mind, either at the time the cause of action accrued or subsequent to accrual but prior to expiration of the limitations period:

"[I]f a person entitled to bring [an] action mentioned in [Section 2305.11] * * * is, at the time the cause of action accrues, * * * of unsound mind, the person may bring it within the * * * [time] limited by [that section], after the disability is removed. * * *

"After the cause of action accrues, if the person entitled to bring the action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders [her] of unsound mind, the time during which [she] is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought." R.C. 2305.16.

■ Based upon the language of R.C. 2305.16, the type of evidence necessary to show that a person was of unsound mind and, therefore, entitled to the benefit of tolling pursuant to its provisions, differs depending upon whether it is claimed that she was of unsound mind at the time the cause of action accrued or that she became of unsound mind after accrual of the cause of action. If it is claimed that she was of unsound mind at the time the cause of action accrued, any otherwise admissible evidence tending to support that claim may be used to establish her entitlement to tolling. See *Almanza v. Kohlhorst* (1992), 85 Ohio App.3d 135, 619 N.E.2d 442. If it is claimed that she became of unsound mind after accrual of the cause of action, however, the evidence on that issue must include either an adjudication by a court or evidence that she was institutionalized or hospitalized for a condition or disease that caused her to be of unsound mind. The tolling provided by R.C. 2305.16 for someone who became of unsound mind after the accrual of her cause of action lasts only during the period "during which [the] person is adjudicated as being of unsound mind or confined under a diagnosed condition which renders [her] of unsound mind." *Fisher v. Ohio Univ.* (1992), 63 Ohio St.3d 484, 487, 589 N.E.2d 13, 16.

A

■ Mr. Bradford's first assignment of error is that the trial court incorrectly determined the date on which the cause of action accrued against these six defendants. The trial court determined that it accrued when Mrs. Bradford was discharged from the hospital on April 21, 1984. It is undisputed that she was not of unsound mind on that date. Mr. Bradford, however, has argued that the cause of action did not accrue until the surgical removal of the brain tumor on April 30, 1984. He has also argued that she was rendered of unsound mind by that same surgery. The more liberal provision of R.C. 2305.16 applicable to cases in which a person entitled to bring a claim was of unsound mind at the time the claim accrued is also applicable to cases in which the person entitled to bring the claim became of unsound mind simultaneously with the accrual of her cause of action.

See *Almanza v. Kohlhorst, supra.* The issue presented by Mr. Bradford's first assignment of error, therefore, is whether the cause of action against the six defendants to whom the trial court granted summary judgment accrued when the cause of Mrs. Bradford's symptoms was diagnosed or when the condition so diagnosed was treated by the removal of the brain tumor.

Three factors must be analyzed to determine the accrual date of a cause of action for medical malpractice:

"(1) when the injured party became aware, or should have become aware, of the extent and seriousness of [her] condition;  (2) whether the injured party was aware, or should have been aware, that the condition was related to a specific professional service that [she] previously received;  and (3) whether such condition would put a reasonable person on notice of the need to inquire into the cause of [her] condition." *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 548, 589 N.E.2d 1284, 1287, citing *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204.  Pursuant to this analysis, Mrs. Bradford's cause of action accrued, at the latest, on April 21, 1984.[2]

As noted previously, Mr. Bradford has argued that Mrs. Bradford's cause of action did not accrue until the brain tumor was surgically removed on April 30, 1984.  He presented no evidence, however, that Mrs. Bradford's diagnosis changed in any way relevant to her medical malpractice claim between April 21, 1984, and the completion of the surgery.  The purpose of the surgery was to remove the tumor that had been diagnosed;  it was not exploratory surgery to confirm a tentative diagnosis by determining whether a suspected tumor was present.  The surgery was necessary because the size and location of the known tumor required its removal.

Mrs. Bradford became aware of the extent and seriousness of her condition upon being informed, prior to her discharge from the hospital on April 21, 1984, that the symptoms she had been experiencing for nine years were being caused by a brain tumor.  Upon learning that information, she became aware, or should have become aware, that the medical personnel with whom she had consulted during the preceding nine years about those symptoms had failed to discover the brain tumor that was causing them.  Finally, having learned the cause, and recognizing that the medical personnel with whom she had previously consulted had failed to discover that cause, she was on notice of the need to inquire about whether their failure was because they had breached a duty of care owed to her, and whether her condition had lasted longer than necessary or worsened because

---

2.  There is some indication in the record that Mrs. Bradford's tumor was diagnosed as early as April 16, 1984, the day she was admitted to Ohio State University Hospitals.  The record is clear that she was informed of the diagnosis by the time she was discharged on April 21, 1984.

of that breach. Accordingly, the trial court correctly concluded that the cause of action accrued, at the latest, on April 21, 1984. Mr. Bradford's first assignment of error is overruled.

### B

Mr. Bradford's second assignment of error is that, even if Mrs. Bradford's cause of action accrued on April 21, 1984, the trial court incorrectly granted the six defendants at issue summary judgment because he had presented evidence sufficient to establish a genuine issue regarding whether Mrs. Bradford became of unsound mind on April 30, 1984 (after the accrual of her cause of action), thereby causing the running of the statute of limitations to be tolled. As noted previously, however, pursuant to R.C. 2305.16, when a person entitled to bring a claim becomes of unsound mind after the cause of action has accrued, the statute of limitations does not run against that person so long as she is of unsound mind and "is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease that renders [her] of unsound mind." R.C. 2305.16.

It is undisputed that Mrs. Bradford was not determined to be of unsound mind by a court of competent jurisdiction until January 4, 1990. It is further undisputed that she was cared for at her home from July 26, 1985, until June 23, 1987. During the period between July 26, 1985, and June 23, 1987, therefore, Mrs. Bradford had neither been adjudicated as being of unsound mind nor been confined to an institution or hospital under a diagnosed condition or disease that rendered her of unsound mind. Accordingly, the one-year statute of limitations applicable to her medical malpractice claim was not tolled during that period and expired prior to the time this action was filed against the six defendants at issue. Mr. Bradford's second assignment of error is overruled.

### III

Mr. Bradford's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.