MEMORANDUM DECISION
Defendant-appellant, Gregory Hill, pro se, appeals from the September 4, 1998 decision and entry of the Franklin County Court of Common Pleas denying his motion to vacate the August 5, 1997 default judgment and motion for relief from judgment. For the following reasons, we affirm.
On June 12, 1997, plaintiff-appellee, Ohio Bureau of Employment Services, filed a complaint against appellant, then an inmate at the Correctional Reception Center in Orient, Ohio. The complaint sought recovery of overpayments of unemployment benefits received by appellant. Appellant was served with the summons and complaint on June 18, 1997, but failed to file an answer or other responsive pleading. Pursuant to Civ.R. 55(A), appellee filed a motion for default judgment on August 1, 1997. On August 5, 1997, the trial court granted said motion and entered judgment for appellee in the amount of $3,679.26, the amount of overpayments alleged in the complaint.
On July 24, 1998, appellant filed a "Motion to Vacate Court Cost and Restitution" and a Civ.R. 60(B) motion for relief from judgment. On September 4, 1998, the trial court denied appellant's motions. Appellant timely appealed, listing the following four assignments of error:
First Assignment of Error
The judgment is contrary to law Civil Rule 55 default.
Second Assignment of Error
 The common pleas court abused it's [sic] judicial discretion in overruling appellant's motion for relief from judgment or order.
 Third Assignment of Error
 Judgment by default requisites and validity, West Key Number System 106 (1) in general.
 Fourth Assignment of Error
Appellant was deemed indigent at sentence.
 All of appellant's assignments of error are related and allege that the trial court erred in denying his motions to vacate the default judgment and/or relief from judgment. We address all four together.
If a trial court enters judgment by default, the court may set it aside in accordance with the provisions of Civ.R. 60(B). See Civ.R. 55(B). To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time.GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The question of whether relief should be granted is addressed to the sound discretion of the trial court, and appellate review of a denial of a Civ.R. 60(B) motion is under the abuse of discretion standard. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20; Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19.
A hearing on a motion filed under Civ.R. 60(B) is required only if the movant sets forth with sufficient specificity facts that, if true, would justify relief. Your Financial Community of Ohio, Inc. v. Emerick (1997),123 Ohio App.3d 601, 608. The allegations must be specific allegations of fact, and not bare allegations of entitlement to relief. Kay, supra, at 20. A movant must "enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality."Rose Chevrolet, Inc., supra, at 21. Here, appellant alleged two defenses in support of his motions indigency and incompetency.
First, appellant alleged that he is indigent. According to appellant, he would be unduly burdened if required to pay the amount of the judgment, court costs, and interest. However, appellant's inability to pay the civil judgment rendered in this case is not a meritorious defense to the validity of the underlying judgment. As such, appellant's indigency defense was not a proper basis for vacating judgment or granting relief from judgment under Civ.R. 60(B).
Second, appellant alleged that he was incompetent when he was served with the complaint and remains incompetent today. In particular, appellant alleged that he is "heavily sedated" with psychotropic drugs, that he suffers from psychological problems, and is currently under the care of a psychiatrist and psychologist. In support of his motions, appellant also attached a June 1, 1998 letter from the manager of the mental health services at the Noble Correctional Institution where appellant is presently incarcerated verifying that appellant has been diagnosed with schizo-affective and post-traumatic stress disorders and that appellant is "acceptably compliant with certain medicine interventions."
A trial court may not enter default judgment against an incompetent person unless that person is represented in the action by a guardian or other such representative who has appeared therein. Civ.R. 55(A). As such, incompetence, adequately alleged and factually supported, may be a proper basis for relief from judgment under Civ.R. 60(B). See Newark Orthopedics,Inc. v. Brock (1994), 92 Ohio App.3d 117. Finally, Civ.R. 17(B) authorizes a trial court to appoint a guardian ad litem for protection of an incompetent defendant.
Here, however, appellant failed to allege specific operative facts demonstrating that he was incompetent to defend himself in this litigation. In this context, incompetency involves a disabling mental condition that renders the person unable to look into or conduct his personal and/or business affairs, to properly consult with counsel (if he desires), to prepare and present his case, and to protect his rights in a court of justice. See Almanza v. Kohlhorst (1992), 85 Ohio App.3d 135, 138-39
(discussed in context of the tolling of a statute of limitations under R.C. 2305.16 due to "unsoundness of mind.").
Here, appellant's alleged operative facts indicate that he takes psychotropic drugs, has been diagnosed with several psychological disorders, and is treated by mental health professionals. Such allegations, however, even if true, do not indicate a disabling condition rendering him unable to look into or conduct personal and/or business affairs or otherwise defend himself in this litigation. Cf. Kotyk v. Rebovich (1993),87 Ohio App.3d 116, 120 (fact that appellant received psychological counseling, absent additional evidence of a disabling condition, is insufficient to toll statute of limitations under R.C. 2305.16);State v. Bock (1986), 28 Ohio St.3d 108, 110 (noting in criminal context that "[i]ncompetency must not be equated with mere mental or emotional instability" and that even an "emotionally disturbed" defendant may still be capable of understanding the charges against him and of assisting his counsel). As such, appellant's alleged operative facts were insufficient to warrant a hearing on his motions based upon incompetence, let alone sustain them.
For the foregoing reasons, the trial court did not err in overruling appellant's motions to vacate the judgment. Appellant's four assignments of error are not well-taken and are overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and TYACK, JJ., concur.