OPINION
This appeal is taken by Plaintiff-Appellant Brenda Lynne Lane, Executrix of the Estate of Cynthia Dome, Deceased, from the judgment entered by the Court of Common Pleas of Marion County granting Defendant-Appellee's, City of Marion, et al, motion for summary judgment.
In the early evening of March 3, 1999, Harry Dowler (hereinafter "Dowler"), Defendant-Appellant, left his office to return home for the evening. It had been snowing intermittently all day and Dowler was forced to scrape his front and rear windshields before leaving his office. Returning home, Dowler traveled eastbound on Mt. Vernon past Bradford Street towards the intersection of Mt. Vernon and Greenwood Street. As he passed Bradford Street, Dowler noticed that the traffic light governing the Greenwood intersection was green. Further, according to Dowler's deposition as Dowler continued eastbound on Mt. Vernon, he was not playing his radio, his headlights and windshield wipers were working properly and he was traveling at approximately thirty miles per hour.
As Dowler proceeded eastbound on Mt. Vernon, Kim Westbrook (hereinafter "Westbrook") who had been traveling southbound on Greenwood St. was stopped at the red light governing traffic on Greenwood. As she was waiting, Westbrook observed an elderly woman, Cynthia Dome (hereinafter "Dome"), walk from left to right in front of her vehicle, crossing Greenwood St. westbound. Dome had a severe cataract disorder and the record indicates that Dome may have been carrying a flashlight to help her see as she was walking that evening. Dome then stepped onto the curb at the northwest corner of the intersection of Mt. Vernon Ave. and Greenwood St., immediately turned left and began to cross Mt. Vernon.
At the time Dome began crossing Mt. Vernon, Westbrook noticed that the light governing traffic on Greenwood St. was still red and the signal on the west side of the intersection displayed a "DON'T WALK" sign.
Dowler continued to proceed eastbound on Mt. Vernon nearing the Greenwood intersection. Dome had nearly reached the sidewalk on the south side of Mt. Vernon when Dowler hit Dome with the front passenger side of his vehicle. Upon impact Dome was thrown into the air and landed on the opposite side of the intersection. As Dowler crossed the intersection, he brought his vehicle to a complete stop, exited his vehicle and ran to check on Dome. At the time of the accident the signal governing traffic on Mt. Vernon was still green.
As a result of the injuries sustained in the accident Dome was hospitalized for several weeks and died shortly thereafter. Thereafter, Dome's daughter, Brenda Lynn Lane, Plaintiff-Appellant, as the executor of Dome's estate, filed a complaint against the City of Marion and Dowler in the Common Pleas Court of Marion County alleging that the negligent placement and/or maintenance of the traffic control devices and Dowler's negligence in operating his vehicle resulted in Dome's injuries.
On December 23, 1999, the City of Marion filed a motion for summary judgment. Dome filed a motion in opposition on January 27, 2000. After reviewing all the evidence presented the trial court granted summary judgment in favor of the City of Marion.[1] After several pre-trial conferences, on November 2, 2000, nearly one month prior to trial, Dowler filed a motion for summary judgment. Dome immediately filed a motion in opposition. After reviewing all evidence presented on the motions in its judgment entry dated November 30, 2000, the trial court granted summary judgment in favor of Dowler.
The entry is in part:
 In Byrne v. Bradshaw (August 22, 1989), Allen County App. No. 1-87-31, the Third District Court of Appeals has concluded that ". . . it is proper for a trial court in summary judgment proceedings to weigh the conduct of the parties and make a determination, as a matter of law, regarding the negligence of each party". This court finds, as a matter of law, that the negligence of Plaintiff's decedent was far greater than any possible negligence of Defendant Dowler.
 * * *
 Defendant Dowler's motion for summary judgment is hereby granted and Plaintiff's complaint as to Defendant Dowler is dismissed with prejudice and costs to Plaintiff.
On appeal from that judgment entry Lane presents the following sole assignment of error:
 The trial court erred in granting appellee's motion for summary judgment.
When reviewing summary judgment, we review the judgment independently without any deference to the previous determination made by the trial court. Conley-Slowinski v. Superior Spinning Stamping Co. (1988),128 Ohio App.3d 360. The standard of review in this court is de novo.AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.
Civil Rule 56 requires the court to determine from the materials properly to be considered and timely filed in the action, resolving all doubts against the movant, that no genuine issue exists as to any material fact, that reasonable minds could reach no other conclusion and that the moving party is entitled to judgment as a matter of law. Therefore summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most favorable in the light of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R.56(C); Bosticv. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett
(1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
Once the moving party meets its burden, the non-moving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue of material fact for trial. A. Doe v. First PresbyterianChurch (USA) (1998), 126 Ohio App.3d 358, 364; Civ.R. 56(E). The nonmoving party may not rest on the mere allegations of her pleading.State ex rel. Burns v. Athens Cty. Clerk of Courts (1998)83 Ohio St.3d 523, 524 citing Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E). Most importantly, the non-movant's failure of proof on an essential element of the case necessarily renders all other facts immaterial. Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265.
On appeal Lane contends that the trial court erred by granting summary judgment in favor of Dowler because a genuine issue of material fact exists. In support of her assertion Lane presents three arguments. First, Lane claims that the trial court incorrectly excluded Lane's expert report that specifically stated Dowler was exceeding the posted speed limit at the time of the accident on March 3. Second, Lane contends that upon admission and consideration of the expert's report, the trial court must find that Dowler had lost the "right of way" to proceed uninterruptedly on Mt. Vernon St and thus a material issue of fact exists as to whether or not Dowler was negligent. Finally, Lane argues that because a genuine issue of material fact exists the trial court may not direct the entry of judgment despite evidence establishing Dome's contributory negligence.
Negligence liability "is predicated upon injury caused by the failure to discharge a duty owed to the injured party." McDonald v. Lanius (Oct. 28, 1993), Marion App. No. 9-93-23, unreported, quoting Deeds v. AmericanSecurity (1987), 39 Ohio App.3d 31, 33. In order to sustain an action based upon negligence, "one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom."Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Negligence in a motor vehicle is the failure to exercise ordinary care to avoid injury to others. McDonald at *2. Ordinary care is a degree of care that an ordinarily reasonable and prudent person exercises, or is accustomed to exercising under the same or similar circumstances. Mussivand at 318,544 N.E.2d 265.
In its November 30, 1999 judgment entry, the trial court ruled that even if Dowler was negligent in some respect, reasonable minds could only conclude that the negligence of Dome was greater than that of Dowler thus barring Dome from recovering as a matter of law. In support of its decision the court summarized the evidence presented. The entry is in part:
 Ms. Dome crossed the street in violation of a "Don't walk" signal and did not look for oncoming traffic. The admissible evidence demonstrates that Mr. Dowler was traveling within the posted speed limit, had his headlights and windshield wipers on and the green traffic signal was in his favor.
In reaching its conclusion the trial court relied on the fact that Dowler had the right of way pursuant to R.C. 4511.01(UU) while traveling eastbound on Mt. Vernon. R.C. 4511.01(UU) states in pertinent part:
 "Right-of-way" means either of the following, as the context requires:
 The right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or the individual's path.
R.C. 4511.01(UU) confers upon an individual the "right" to proceed uninterruptedly in a "lawful manner". However, such right is not absolute. It can be lost if an individual is proceeding unlawfully.Franks v. Venturella (June 28, 2000), Allen County App. No. 1-2000-06, unreported, citing Morris v. Bloomgren (1933), 127 Ohio St. 147,187 N.E. 2; Deming v. Osinski (1970), 24 Ohio St.2d 179, 264 N.E.2d 554;Almanza v. Kihlhorse (1992), 85 Ohio App.3d 135, 619 N.E.2d 442.
As stated above, Dome claims that the trial court erred by failing to consider the expert's report incorporated by reference into a properly framed affidavit, which explicitly states that Dowler must have been speeding. Further, she claims that had the trial court considered such evidence then a genuine issue of material fact would clearly exist because Dowler's right to proceed uninterruptedly is no longer undisputed.
To support her assertion that Dowler was exceeding the posted speed limit on March 3, 1999 when he struck Dome, Lane submitted an expert report to her motion contra summary judgment. Such report was incorporated by reference in a properly framed affidavit of the expert creating the report. In his reply brief Dowler argued that the expert's report was inadmissible because the report was not properly incorporated. The trial court agreed and refused to consider the report.
In General Motors Acceptance Corp. v. Hollanshead (1995),105 Ohio App.3d 17, 20, 663 N.E.2d 663, this court stated:
 Civ.R.56 provides for the introduction of certain evidentiary material in support of a motion for summary judgment. The rule specifies that the only acceptable means of introducing documentary evidence for consideration on the motion is to incorporate it by reference in a properly framed affidavit.
* * *
 Furthermore, the incorporated document must be properly authenticated to be of the evidentiary nature required by Civ.R. 56(C).
The record reveals that Lane's motion contra summary judgment contained a properly framed affidavit of Lance E.Robson, P.E. (hereinafter "Robson"). The affidavit sufficiently describes Robson, his occupation, his background and qualification as an expert, his connection with the case at hand, his purpose for being retained, the procedural aspects of the investigation and finally, it incorporates his report by reference with sufficient clarity to identify the report and further he attests to its accuracy. The affidavit is in pertinent part:
 I prepared a report which accurately summarizes and outlines my findings, conclusions opinions to a reasonable degree of professional certainty. A complete and accurate copy is attached as Exhibit 1B. Therein I concluded among other things, based upon my analysis and investigation of this crash, as follows
It should also be noted that the report had been properly authenticated by Robson's sworn statements in the affidavit that the report was indeed what it "purported to be". Therefore, the trial court erred by failing to consider the expert's report. As a result, whether or not Dowler had exceeded the posted speed limit and lost his right to proceed uninterruptedly is no longer undisputed. It should be noted that we do not decide the credibility, weight or admissibility of such evidence for purposes of trial but rather, pursuant to our de novo standard of review, construe the evidence in the light most favorable to the non-moving party.
The Appellate Courts of Ohio have consistently held that summary judgment in defendant's favor is appropriate "only where, there being no dispute as to any material fact, the plaintiff's negligence was so extreme as a matter of law that no reasonable person could conclude that plaintiff was entitled to recover." Briere v. Lathrop Co. (1970),22 Ohio St.2d 166, 174-175, 51 O.O.2d 232, 237, 258 N.E.2d 597, 603;Collier v. Northland Swim Club (1987), 35 Ohio App.3d 35, 39,518 N.E.2d 1226; Mitchell v. Ross (1984), 14 Ohio App.3d 75; Mowery v.McCracken (Aug. 31, 1987), Allen County App. No. 5-85-33, unreported;Creveling v. Dayton Power Light Co. (Jan. 14, 1985), Logan County App. No. 8-83-27, unreported; Byrne v. Bradshaw (Aug. 22, 1989), Allen County App. No. 1-87-31, unreported. "However, where there is conflicting evidence as to plaintiff's contributory negligence, it is for the jury to resolve the issue." Id.
The record reveals that Lane has presented evidence sufficient to establish a genuine dispute as to a material fact, whether or not Dowler had the "right of way". Therefore, having found conflicting evidence as to Dome's contributory negligence, we find that it was improper to grant Dowler's motion for summary judgment. Error having been shown, Lane's sole assignment of error is sustained and the judgment of the Court of Common Pleas of Marion County is reversed.
 __________________ BRYANT, J.
 WALTERS, P.J., and HADLEY, J., concur.
[1] No appeal was taken from this dismissal and thus the issues concerning the City of Marion are not before this court for review.