[Cite as *Estate of Morales v. Pavilion Rehab. & Nursing Ctr.*, 2026-Ohio-1655.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ESTATE OF MARGARITA MORALES,　　:

　　　　Plaintiff-Appellant,　　　　:

　　　　　　　　　　　　　　　　　　　　　　　No. 115567

　　　　v.　　　　　　　　　　　　　:

THE PAVILION REHABILITATION　　:
AND NURSING CENTER, ET AL.,

　　　　　　　　　　　　　　　　　　:

　　　　Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 7, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-101314

---

### *Appearances:*

Seaman & Associates Co., L.P.A., David L. Meyerson, *for appellant*.

Bonezzi Switzer Polito & Perry Co., L.P.A., Bret C. Perry, *for appellee*.

ANITA LASTER MAYS, J.:

## I. Introduction

{¶ 1} This appeal arises from care provided to Margarita Morales at a long-term care facility operated by defendants-appellees The Pavilion

Rehabilitation and Nursing Center, et al., ("Appellees") from January 22, 2020, through June 8, 2020.

{¶ 2} Plaintiff-appellant, The Estate of Margarita Morales ("The Estate") filed a timely complaint, later dismissed it voluntarily, and refiled the action in July 2024. Appellees moved for summary judgment, arguing R.C. 2305.113(C)'s four-year statute of repose barred the refiled complaint. The trial court agreed and entered judgment for Appellees.

{¶ 3} On appeal, The Estate argues that the trial court misapplied R.C. 2305.113(C) by enforcing the four-year repose period without giving effect to the statute's express exception for persons "of unsound mind," as defined by R.C. 2305.16, and by failing to recognize that The Estate stands in Morales's "shoes" for purposes of tolling. Appellees respond that The Estate filed the refiled complaint outside the four-year repose period, never pleaded unsound mind as a tolling theory, and submitted no competent Civ.R. 56 evidence that would trigger the exception. For the reasons that follow, we affirm.

## II. Procedural History

{¶ 4} On June 8, 2021, Margarita Morales, through her daughter and attorney-in-fact, Lucy Torres, filed a medical negligence complaint in the Cuyahoga County Court of Common Pleas. She alleged substandard care at Appellees' facility between January 22, 2020, and June 8, 2020. The complaint also alleged that 180-day letters extended the one-year statute of limitations for the medical claims under R.C. 2305.113(B).

{¶ 5} Following Morales's death on January 29, 2022, the trial court substituted "The Estate of Margarita Morales, by and through Lucy Torres, Administrator," as plaintiff. The action proceeded under the original case number until August 3, 2023, when The Estate voluntarily dismissed the complaint without prejudice pursuant to Civ.R. 41(A)(1)(a).

{¶ 6} On July 29, 2024, The Estate refiled the complaint. The refiled complaint arose from the same course of treatment and repeated the same negligence allegations from the 2021 action, covering conduct between January 22, 2020, and June 8, 2020.

{¶ 7} On October 1, 2024, Appellees moved for summary judgment, arguing that the refiled complaint was untimely under R.C. 2305.113(C)'s four-year statute of repose because it was commenced more than four years after the alleged acts and omissions constituting the basis for the claim. They also asserted that the saving statute, R.C. 2305.19, cannot revive a medical claim refiled outside the four-year repose period, and that the complaint did not allege that Morales was of unsound mind to trigger the statutory exception.

{¶ 8} In opposition, The Estate argued, for the first time, that Morales was of unsound mind at the time of the alleged negligence because she had dementia and cognitive deficits. It asserted that R.C. 2305.16 tolled the repose period until her death in January 2022 and it attached affidavits and unauthenticated medical records in support. Appellees responded that The Estate had not pleaded the unsound-mind theory, that the supporting materials were not admissible under

Civ.R. 56(C), and that the litigation history undermined any claim of legal incapacity.

{¶ 9} On August 20, 2025, the trial court granted summary judgment to Appellees. The court found no genuine issue of material fact and held that the complaint was time-barred by R.C. 2305.113(C).

## III. Assignment of Error

{¶ 10} The Estate timely appealed and raises one assignment of error:

The trial court erred when awarding defendants summary judgment based on an improper application of O.R.C. 2305.113(C), by disregarding the explicit and unambiguous exception to the four-year repose period time-bar for claimants of "unsound mind" contained in the statute.

### A. Standard of Review

{¶ 11} We review summary judgment de novo, applying the same standard as the trial court. Summary judgment is proper when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, adverse to that party. *Gareau v. Grossman*, 2007-Ohio-5711, ¶ 24 (8th Dist.); s*ee* Civ.R. 56(C).

{¶ 12} The moving party bears the initial burden of showing that no genuine issue of material fact exists on the essential elements of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292-293 (1996). Once the moving party meets that burden, the nonmoving party may not rest on the pleadings. Instead, it must set forth specific facts, using materials permitted by Civ.R. 56(C), that show a

genuine issue for trial.  Unsupported assertions and inadmissible materials are not enough.  *Id.* at 289, 293.

{¶ 13} This appeal also requires us to interpret R.C. 2305.113 and its relationship to R.C. 2305.16.  We review questions of statutory interpretation de novo.  *State v. Vanzandt*, 2015-Ohio-236, ¶ 6.  When statutory language is clear and unambiguous, we apply it as written.  *Id.* at ¶ 7.

## IV.  Law and Analysis

### A.  The medical statute of repose and its exceptions

{¶ 14} R.C. 2305.113 governs the limitations and repose periods for medical claims.  A statute of repose "imposes an absolute bar to a plaintiff's action after a stated time," measured from the defendant's act or omission, regardless of when the cause of action accrues or is discovered.  *Tarahfields, LLC v. Wilson*, 2025-Ohio-1337, ¶ 53 (10th Dist.); *Antoon v. Cleveland Clinic Found.*, 2016-Ohio-7432, ¶ 1.  The Ohio Supreme Court has repeatedly characterized R.C. 2305.113(C) as a true statute of repose that limits defendants' temporal exposure to liability by extinguishing the underlying claim if suit is not commenced within four years of the alleged malpractice.  *Id.*

{¶ 15} R.C. 2305.113(C) provides, in relevant part:

(C) Except as to persons within the age of minority or of unsound mind as provided by Section 2305.16 of the Revised Code, both of the following apply:

1. No action upon a medical claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical claim.

2. If an action upon a medical claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical claim, then, any action upon that claim is barred.

{¶ 16} The Supreme Court has emphasized if a lawsuit bringing a medical claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, and no statutory exception applies, any action on that claim is barred. *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 28. Unlike the statute of limitations, the statute of repose bars both accrued claims and those that have yet to vest. *Id.* at ¶ 29. R.C. 2305.113(C) establishes an overall time limit. Absent an express exception, neither equitable tolling nor the saving statute revive claims refiled outside that period. *Id.*; R.C. 2305.113; *Armatas v. Aultman Hosp.,* 2022-Ohio-4577, ¶ 77 (5th Dist.).

{¶ 17} The General Assembly created express exceptions to the medical claim statute of repose for minors and persons of unsound mind. R.C. 2305.16; *Wilson* at ¶ 29. One of those express exceptions appears in the prefatory clause of R.C. 2305.113(C): "Except as to persons within the age of minority or of unsound mind as provided by Section 2305.16 of the Revised Code . . . ." By cross-referencing R.C. 2305.16, the General Assembly incorporated the disability-tolling framework for minors and persons of unsound mind into the medical statute of repose. *See Wilson* at ¶ 29 (recognizing that the legislature may create specific exceptions to repose). R.C. 2305.16 generally allows a person who is a minor or of unsound mind when a cause of action arises to bring the action within the applicable statutory

period after the disability is removed. *Gareau v. Grossman*, 2007-Ohio-5711, ¶ 11 (8th Dist.); *Bradford v. Surgical & Med. Neurology Assocs., Inc.*, 95 Ohio App.3d 102, 106 (9th Dist. 1994); R.C. 2305.16. However, if a person becomes of unsound mind after the cause of action accrues and is formally adjudicated as such or is confined in an institution or hospital under a diagnosed condition that renders the person of unsound mind, then different timing rules apply. *Id.* In that case, tolling lasts only the period "'during which [the] person is adjudicated as being of unsound mind or confined under a diagnosed condition that renders [her] of unsound mind.'" *Robinson v. Kramer*, 1999 Ohio App. LEXIS 5916, *11 (8th Dist. Dec. 9, 1999), quoting *Fisher v. Ohio Univ.*, 63 Ohio St.3d 484, 487 (1992).

### B. Tolling under the unsound-mind theory

{¶ 18} The Estate argues that Morales fell within the unsound-mind exception in R.C. 2305.113(C) because medical records documented diagnosed dementia, disorientation, and severe cognitive deficits when she was admitted to Appellees's facility. According to The Estate, those impairments rendered Morales legally of "unsound mind" under R.C. 2305.16 when her claim accrued in 2020, tolling the repose period until the disability ended. On that theory, tolling continued until Morales died on January 29, 2022, so the four-year repose period did not become operative until that date. The Estate therefore argues that the July 29, 2024 refiling was timely.

{¶ 19} The Estate maintains that Morales's diagnosed dementia and cognitive decline rendered her of unsound mind under R.C. 2305.16, thereby tolling

the repose period until her death. It further asserts that the relevant inquiry is Morales's mental condition, not her representative's capacity to pursue litigation, and that upon substitution, the Estate assumed Morales's tolling status under Civ.R. 25.

{¶ 20} The Estate contends that a representative's ability to retain counsel and pursue litigation does not defeat tolling based on the principal's unsound mind. Otherwise, statutory protection for incapacitated persons would have little practical effect.

{¶ 21} Finally, the Estate argues that once it was substituted under Civ.R. 25, it stood in Morales's shoes for all purposes, including tolling. The Estate therefore contends that it inherited any tolling status Morales had and that the mental status of the heirs has no bearing on the repose calculation.

## C. Pleading and proof of unsound mind

{¶ 22} Appellees argue that The Estate cannot rely on the unsound-mind exception for two independent reasons. First, neither the original complaint nor the refiled complaint alleged operative facts indicating that Morales was of unsound mind during the relevant period. Second, even if The Estate could raise that theory in response to summary judgment, it presented no competent Civ.R. 56(C) evidence in support. Unauthenticated medical records, uncertified copies, and conclusory lay affidavits do not satisfy Civ.R. 56(C) evidentiary standards and therefore cannot create an issue of material fact.

{¶ 23} We note that Ohio is a notice-pleading state, but the complaint still must allege enough operative facts to give the opposing party fair notice of the claim and the grounds supporting it. When the dates alleged in the complaint show a facial time bar, a plaintiff who seeks to avoid that bar through a statutory exception must ordinarily plead facts supporting the exception. *Gore v. Mohamod*, 2022-Ohio-2227, ¶ 16 (10th Dist.). A complaint that alleges no facts supporting tolling for unsound mind does not place the opposing party on notice that it intends to rely on that theory. *See Kelley v. Stauffer*, 2010-Ohio-4522, ¶ 14 (10th Dist.).

{¶ 24} On this record, the face of the complaint itself demonstrated that the Estate's claims were filed outside the four-year statute of repose, and the complaint alleged no facts that would support an exception. *Albert v. Patton*, 2022-Ohio-1593, ¶ 5 (8th Dist.). The alleged negligent acts and omissions occurred between January 22, 2020, and June 8, 2020. Under R.C. 2305.113(C)(1), a plaintiff may not commence a medical claim more than four years after the act or omission that allegedly caused the injury. Using June 8, 2020, as the latest possible date, the repose period expired on June 8, 2024.

{¶ 25} The Estate refiled the complaint on July 29, 2024, about seven weeks after that deadline. Under R.C. 2305.113(C)(2), if a plaintiff does not commence a medical claim within four years of the alleged act or omission, the claim is barred unless the plaintiff falls within the statute's exception. *Wilson,* 2020-Ohio-6827, at ¶ 28-29. Morales's timely 2021 filing and later voluntary dismissal do not change that result. The Supreme Court of Ohio has held that the saving statute does not

revive a medical claim refiled after the four-year repose period expires. *See Ruther v. Kaiser*, 2012-Ohio-5686, ¶ 21.

{¶ 26} Furthermore, the July 2024 refiled complaint alleges negligent treatment ending in June 2020. The complaint does not allege that Morales lacked legal capacity, that she was of unsound mind when the claim arose, or any other facts that would bring the claim within a statutory exception. Thus, the complaint did not give Appellees notice or otherwise suggest that The Estate intended to invoke the unsound-mind exception. Under those circumstances, The Estate could not avoid the facial time bar by relying for the first time, in summary judgment briefing, on an unpleaded tolling theory. *Strother v. Columbus*, 2022-Ohio-4097, ¶ 17 (10th Dist.).

{¶ 27} The Estate does not explain how either complaint alleged facts invoking the statutory exception. Instead, it argues that Morales was in fact of unsound mind and that The Estate inherited any resulting tolling protection. But that argument does not remedy the threshold defect that neither complaint alleged operative facts supporting application of the statutory exception. A party cannot avoid an otherwise dispositive time bar by asserting an unpleaded tolling theory for the first time in opposition to summary judgment. *Gore,* 2022-Ohio-2227 at ¶ 11 (10th Dist.). And even if the theory could be considered despite the pleading omission, The Estate failed to support it with competent Civ.R. 56 evidence.

{¶ 28} In opposition to summary judgment, the Estate relied on medical records and family affidavits. The records were not certified or otherwise authenticated as Civ.R. 56(C) requires. The affidavits described Morales's declining

memory and confusion, but they did not provide specific facts establishing that she was legally of unsound mind when the claims arose. Even construed most favorably to the Estate, those materials did not create a genuine issue of material fact.

{¶ 29} Furthermore, because The Estate failed to establish that Morales qualified for the unsound-mind exception during the relevant period, we need not decide the full scope of any protection that might pass to a substituted estate under Civ.R. 25. *See Perry v. Eagle-Picher Indus., Inc.*, 52 Ohio St.3d 168, 169 (1990); *LaMusga v. Summit Square Rehab., L.L.C.*, 2015-Ohio-5305, ¶ 54-55 (2d Dist.). On this record, no tolling status was established for the estate to assert after substitution.

## V. Conclusion

{¶ 30} The refiled complaint was filed outside the four-year repose period. To avoid that bar, the Estate relied on the statutory exception for persons of unsound mind. Even assuming the Estate could raise that theory in response to summary judgment, it failed to submit competent Civ.R. 56(C) evidence creating a genuine issue of material fact that Morales satisfied R.C. 2305.16 during the relevant period. Because no statutory exception was established, R.C. 2305.113(C) bars the action. Construing the evidence most favorably to the Estate, Appellees satisfied their summary-judgment burden and the Estate failed to create a genuine issue of material fact regarding tolling. Appellees were entitled to judgment as a matter of law.

{¶ 31} The sole assignment of error is overruled.

**{¶ 32}** The trial court's judgment is affirmed.

It is ordered that appellees recover appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR